## A. Warner *vs.* Price and others.

THIS was an action of *indebitatus assumpsit*, to recover monies alleged to have been paid by the plaintiff for the defendants, tried at the Livingston circuit in October, 1828, before the Hon. JOHN BIRDSALL, then one of the circuit judges.

A promissory note for the sum of $800, bearing date 19th April, 1826, was signed by Jacob Price, Alfred Jones, Emanuel Case and John Markham, (the defendants in this cause, payable in four months to the president, directors and company of the bank of Ontario, to be discounted by the bank for the accommodation and sole benefit of Price. The bank refused to discount the note, unless further names were obtained to the note. The note was subsequently presented with the additional names of Asahel Warner, (the plaintiff in this cause,) and of Matthew Warner, and was then discounted. To the name of Asahel Warner was added the word *surety*. Matthew Warner testified that he was requested by Price to sign his name to the note as a surety, after the other five drawers had signed the same, and that considering Price, Jones,

*Where a promissory note made to be discounted at a bank, for the accommodation and benefit of an individual signed by him and by three other persons as his sureties, is refused to be discounted by the bank, unless further names are procured; and another person is procured by the principal to put his name to the note, when it is discounted, and such person is subsequently compelled to pay a part of it, he cannot recover for money paid* in a *joint* action against the principal and the three persons who originally signed as sureties, although he expressly signed the note *as surety ;* he will be considered as a *co-surety,* unless a state of facts is shewn from which it appears positively, or by legal intendment, that those who originally signed intended, as to the subsequent signer, to stand in the character of *principals.*

The admission by one of the original sureties, that the plaintiff signed as *surety* for *all* the makers of the note, will not bind his co-sureties ; no *partnership* being shewn to exist between them.

ALBANY,
October, 1829.

Warner
v.
Price.

Case, and Markham good and responsible, he did not hesitate to sign ; Price told him that he was under the necessity of procuring money to go to Albany with a boat.

The note not being paid when due, a suit was commenced upon it, and a judgment obtained against all the makers for the sum of $863,14. An execution was subsequently issued to the sheriff of Livingston, whereon he was directed to levy the sum of $343,83 with interest, besides his fees. Of this sum, *Matthew Warner* paid $176,63. After the payment of that sum, the plaintiff in this suit called on the sheriff for the avowed purpose of paying and settling the execution ; the sheriff gave him the money paid by Matthew Warner, and delivered to him the execution, and requested him to pay over the money and settle the execution with the attorney for the plaintiffs. On the same day the plaintiff in this cause returned the execution to the sheriff with a receipt endorsed thereon by the attorney of the plaintiffs in the execution, that he had received of the sheriff the amount of the execution ; whereupon the sheriff gave the plaintiff in this cause a receipt acknowledging that he had received of him $359,89 in full. The sheriff proved his own receipt : the receipt of the attorney was proved by another witness by evidence of the attorney's hand writing ; which last evidence was objected to, but admitted.

The plaintiff further proved admissions made by *Case*, one of the defendants, that he had said that the plaintiff would not lose any thing, as he had signed as surety for him, Jones, Markham and Price ; and if Price was not good for the money, they were. This evidence was objected to, but received. These admissions were made when the other defendants were not present ; there was no partnership or connection in business existing between Case and the others defendants. The judgment in favor of the bank was shewn to have been fully paid up. A verdict was taken for the plaintiff for the amount paid by him on the execution, exclusive of what was paid by Matthew Warner, and the interest of the same, subject to the opinion of this court.

*A. R. Rann*, for plaintiff, cited Douglass' R. 654 ; 11 East, 577 ; 3 Day, 309 ; 6 Johns. R. 267 ; 2 id. 213 ; 4 id. 460 ; 5 id. 176 ; 2 T. R. 100 ; 1 Pothier, 326 ; 3 T. R. 757 ; 4 id. 177 ; 17 Johns. R. 176 ; 4 Cowen, 573.

ALBANY
October, 1829.
Warner
v.
Price.

*J. Dickson*, for defendants, cited 2 Equity Cas. Abr. tit. Contribution ; Freeman, 97 n. ; 1 Cox, 318 ; 2 Bos. & Pul. 270 ; 4 Johns. Ch. R. 338, 11 Vesey, 22 ; 2 Comyn on Cont. 186, 7, 8 ; Starkie's Ev. 51, 1272.

*By the Court*, SAVAGE, Ch. J. The first question is, whether the plaintiff was *surety* for all the defendants who preceded him as makers of the note, or for Price only ? What passed between Price and the plaintiff when he subscribed his name does not appear ; but what was said to Matthew Warner was sufficient to apprize him that Price alone was to be benefitted by the money, and when he was asked to become surety, he could not suppose that those who had preceded him stood in any other character than sureties. The note, when presented to the plaintiff, was perfect, and he might have advanced the money upon it, and it would have been a good security in his hands ; but when the fact appears that he signed as surety, and that all the others except Price signed the note as sureties also, they must all be considered co-sureties unless a state of facts be shewn to the court from which it shall appear positively, or by legal intendment, that these defendants intended, as to the subsequent signer, to stand in the character of principals. No inference of that kind can be drawn from the facts in this case, unless it be from the declarations of Case, who admitted that he and the other defendants were liable to the plaintiff ; but whether this admission was founded on the fact of their being all principals, or on a mistaken notion of the rights and liabilities of the parties, does not appear. It may have been either. But if he intended to admit that they were all principals, his admission is not evidence to charge the other defendants. An admission of indebtedness, by one of several joint debters, is sufficient to take a case out of the statute of limitations ; but an admission of one partner, after dissolution of the part-

ALBANY,
October, 1829.

nership, cannot effect the other partner to make him chargeable by reason of such admission, with the above exception. It is not pretended that these defendants were partners ; the contrary is proved. I am of opinion, therefore, that the action cannot be maintained. If it could, there is evidence of the payment of the money to the sheriff. But the receipt of the plaintiff's attorney was inadmissible ; the attorney himself might have been produced.

I am of opinion that the defendants are entitled to judgment.