## NORTON and NORTON *vs.* COONS.

One of several co-sureties who pays the debt may call upon the other sureties for contribution, whether they were bound jointly or severally, and whether by the same or by different instruments. *Per* BRONSON, C. J.

And although they became sureties for the same debt at different times.

And a co-surety is liable, although the one who paid the debt, and who sues for contribution, did not know at the time he became such that the defendant was also a surety.

And where one wishing to borrow money made and signed a joint and several promissory note, which he procured to be signed by the plaintiffs, and afterwards—to satisfy the lender, but without the knowledge of the plaintiffs—by the defendant, and then obtained the money on the note, which the plaintiffs at its maturity were compelled to pay; *held* that the plaintiffs could maintain an action against the defendant for contribution; and that the defendant was holden, notwithstanding he signed under a representation by the principal that the plaintiffs would be primarily liable.

A second surety may qualify his obligation in such a manner as not to be liable to the first; but then if he has the debt to pay he cannot call upon the others. *Per* BRONSON, C. J.

Where there is a legal right to demand money, and no other remedy than an action *ex contractu*, the law, for the purpose of the remedy, will imply a promise of payment.

ASSUMPSIT tried before PARKER, C. Judge, at the Rensselaer circuit, in April, 1844. The plaintiffs sued for contribution, as co-sureties with the defendant, in the following promissory note :—

"$1000.   One year after date we jointly and severally promise to pay to the order of Olive Eldridge one thousand dollars, for value received.   Troy, March 31st, 1841, with interest.

SCHUYLER & AKIN.<br>B. & A. NORTON.<br>JOSEPH H. COONS."

Schuyler & Akin were principal debtors. They applied to Miss Eldridge for the loan of $1000, and offered to give the plaintiffs as sureties; but she did not know them, and required that the defendant's name should also be furnished. S. & A. drew and signed the note, and the plaintiffs signed it as sureties. The plaintiffs did not then know that the defendant was to sign; nor had the defendant agreed to do so. Two days afterwards, Schuyler & Akin saw the defendant and asked him to sign the note, and told him that Miss Eldridge required his name. The defendant did not like to sign the note, as it was drawn jointly and severally. S. & A. told him he would run no risk at all, as the plaintiffs were abundantly responsible; and that he would not be liable so long as they were responsible. The defendant said it was something he would not do for every body; but as he had dealt a good deal with S. & A., and if he run no risk, he would do it. S. & A. told him his name was wanted to satisfy Miss Eldridge that the note was good; and upon these considerations, as the witness expressed it, the defendant put his name to the note. S. & A. failed within a few months; and the plaintiffs were afterwards compelled to, and did pay and take up the note. After S. & A. failed, the defendant said he was on the note with other men, and expected to lose one half of it, unless S. & A. would secure him as they had promised to do.

The judge charged the jury, among other things, that if it was the understanding of the plaintiffs when they signed the note that they were to be, or if they intended to be the sole sureties of Schuyler & Akin, and did not know that the defendant was to sign the note, and the defendant subsequently signed without the knowledge of the plaintiffs, under an agreement with Schuyler & Akin that he was only to be responsible in case the plaintiffs were unable to pay, and signed to satisfy Miss Eldridge, then the defendant was not such a co-surety as would make him liable to contribution to the plaintiffs; and in such case that it was not necessary to show an express agreement made between the plaintiffs and the defendant, as to their relative liabil-

ity on the note. The jury found a verdict for the defendant: and the plaintiffs move for a new trial on a bill of exceptions

*J. Millard & G. Stow,* for the plaintiffs.

*H. Z. Hayner,* for the defendant.

*By the Court,* BRONSON, Ch. J. The doctrine of contribution among sureties is founded on a general principle of equity and justice. Sureties are in *æquali jure,* and must bear the burden equally. Contribution may be enforced whether they were bound jointly or severally; by the same, or by different instruments; and although the party who sues did not know at the time he became a surety, that the defendant was also a surety. The order of time in which they became bound is not a material inquiry. The only question is, whether they were in fact sureties for a principal debtor, and in relation to one and the same transaction. Courts of law have borrowed their jurisdiction on this subject from courts of equity; and along with it they have taken the maxim that equality is equity. The obligation to contribute may, of course, be modified by contract between the sureties; and without any contract, a second surety may enter into the obligation for his principal in such a form that the first surety cannot call on him for contribution. But that is only where, by the terms of his undertaking, he treats all those who have preceded him as principal debtors. And in such a case, as he refuses to take upon himself the burden of a co-surety, he renounces the benefit incident to that relation. If he will not contribute when the other surety pays the debt, he shall not have contribution when he pays it himself. These principles will be sufficiently illustrated and established by a reference to a few cases. (*Deering* v. *The Earl of Winchelsea,* 2 B. & P. 270; 1 Cox, 318, S. C.; *Campbell* v. *Mesier,* 4 John. Ch. 334; *Davies* v. *Humphreys,* 6 Mees. & Wel. 167; *Mayhew* v. *Crickett,* 2 Swanst. 193; *Warner* v. *Price,* 3 Wend. 397; *Lapham* v. *Barnes,* 2 Verm. 213; *Harris* v. *Warner,* 13 Wend. 400; *Craythorne* v. *Swinburne,* 14 Ves. 160; *Story on*

*Cont.* § 584; *Pitman, Pr. & Su.* 147.) The defendant relies with confidence on the case of *Harris* v. *Warner*, (13 *Wend.* 400,) where it was held that the defendant, who was the last of four sureties for Hovey, in a joint promissory note, was not bound to make contribution to the plaintiff, who was the first surety, and had paid the debt. But in that case, the defendant expressly qualified his undertaking, by adding to his signature the words, "surety for the above names." The decision went upon the ground, that having the right to qualify his contract as he pleased, he refused to sign as a co-surety with the others, and signed as surety for all who preceded him—sureties as well as principal. And as he refused to contract as a co-surety, and was exempt from the burden incident to that relation, it was agreed that he would have had no remedy against the other sureties, had the debt of the principal been collected from him. The case in *Vesey* also goes upon the ground, that the defendant had restricted his liability as a surety, by the form in which he entered into the contract. The plaintiff and principal debtor first executed a joint and several bond to the creditor; and the defendant then made his several bond to the creditor, with a condition to pay if neither of the obligors in the first bond paid the debt. Lord Eldon held that the defendant was not a co-surety with the plaintiff; but a surety for the plaintiff, as well as for the principal debtor. He laid some stress upon the parol evidence which was given of what passed between the creditor and the defendant at the time he gave the bond. That case is directly in conflict with *Cooke* v. ———, (2 *Freeman*, 97,) and might, I think, very well have been decided the other way. But it is enough for the present, that it does not touch the case in hand. Here the sureties are all bound by one contract; and there is nothing in the form of the defendant's undertaking to show that he did not intend to become a co-surety with the plaintiffs, with all the rights and liabilities incident to that relation.

It is of no consequence in a legal point of view, that the plaintiffs did not know when they signed the note that the defendant was also to be a surety. The defendant made himself a co-

surety by becoming a party to the same contract, without any qualification of his undertaking. This was admitted by Lord Eldon in *Craythorne* v. *Swinburne,* (14 *Ves.* 160;) and is abundantly established by *Warner* v. *Price,* (3 *Wend.* 397,) and *Lapham* v. *Barnes,* (2 *Vermont,* 213.) The last case goes much beyond the one at bar; for there the second surety did not sign the note until after it had become a valid security in the hands of the creditor; while here the note never had any vitality until after all the parties had signed it.

Nor do I see that what passed between the principal debtors and the defendant can in any way affect the question. Notwithstanding all that was said, the defendant did become a co-surety with the plaintiffs; and by that act he acquired all the rights, and became subject to all the liabilities incident to that relation. The mistake which Schuyler & Akin made when they undertook to expound the law, by telling the defendant what would be the force or effect of his contract, could not change or modify the contract itself, nor the consequences which must flow from it.

Much stress is laid upon the fact that this is an action of assumpsit, and the circumstances are such as to repel the idea that a promise to contribute was ever made. But when it was settled that courts of law would enforce contribution between sureties, what was before only an equitable, became a legal obligation; and where there is a legal right to demand a sum of money, and there is no other remedy, the law will, for all the purposes of a remedy, imply a promise of payment. (*Birkley* v. *Presgrave,* 1 *East,* 220; *Bachelder* v. *Fisk,* 17 *Mass.* 464; *Cowell* v. *Edwards,* 2 *B. & P.* 268; *Chit. on Cont.* 24, *ed. of* '42.) We think the plaintiffs are entitled to recover.

New trial granted.