## OLIVER FERNALD versus HIRAM W. DAWLEY.

Where the form of a note is that of a joint and several promissory note, and it is signed by three persons, the two first in order merely affixing their signatures, and the third adding to his the word *surety*, it is competent for the second signer, in an action against the third for contribution as a co-surety, to show by parol evidence, that the first signer was the principal, and that the other two were sureties.

And if such second signer places his name upon the note at the request of the first and as his surety, and it is then taken by the first signer and carried away, and afterwards delivered by him to the payee with the additional signature of the third, with the word surety attached thereto, the second signer may prove by parol, in such action, that the third, when he signed the note, understood that he signed as surety for the first signer only and not for both, and that he knew that the second signer was but a surety.

THIS case came before the Court on the following exceptions: —

" This is an action of assumpsit for contribution of an alleged co-surety. The plaintiff, to sustain the issue on his part, introduced a note of which the following is a copy : —

" For value received we jointly and severally promise to pay the President Directors and Company of the Rochester Bank, or order, two hundred dollars in sixty days and grace.

" 1844, December 16th.      " Jas. H. Clark,

                       " Oliver Fernald,

                       " H. W. Dawley, Surety."

" On which had been paid by James H. Clark $60, and on January 5, 1846, by Oliver Fernald, the plaintiff, $143,07. The plaintiff introduced the testimony of John McDuffee, jr. cashier of said Bank, who swore that the above note was discounted by the Bank on the day of its date. That $80 of the money was applied to pay and take up a note of said Clark to the Bank, signed by himself, Samuel W. Fox and John Moore, and the balance, discount out, being $147,90 was paid over to said Clark; that the sum of sixty dollars had been paid on the note by Clark, and the balance, $143,07, was paid to the Bank by the plaintiff on the 5th of January, 1846. That it was the custom of the Bank to require two sureties to a note, and that in a majority of notes taken at the Bank,

Fernald v. Dawley.

there was no addition to the names of signers distinguishing between the principals and sureties. The $143,07 was paid by Fernald after Clark's decease, he leaving no property, upon being called upon by the Bank.

" Thomas Shapleigh swore that some time about the date of this note, Oliver Fernald was in his store, at Great Falls, and James H. Clark came in and asked Mr. Fernald if he would lend him his name. Fernald was reluctant, said he did not like to do such business, finally he signed it. The note he signed, was like the one herein ; it was for two hundred dollars. After Fernald signed it, Mr. Clark went out of the store, taking the note with him. It was also proved by Jordan, defendant's attorney, that he believed it was the signature of H. W. Dawley to the note.

" Upon this evidence the Court instructed the jury, that it would be proper for them to determine, whether the note spoken of by Thos. Shapleigh was the same that was discounted at the Bank, (a copy of which is in this case) ; and that they might infer, that it was, from the amount, date, &c. there being no evidence of any note of like sum, and payable to the Bank ; and if they found the note the same, and that Fernald signed it as surety, they might infer from all the circumstances, Clark being the first signer, leaving Fernald with the note, the custom of the Bank, and the use that was made of it ; that Dawley understood, when he signed it, that he was signing as surety for Clark *alone*, and not for Clark and Fernald, and that Fernald was only surety. If they considered it reasonable so to conclude, the plaintiff might be entitled to recover one half of the sum of $143,07, and interest from the date of the writ.

" The Jury returned a verdict for the plaintiff for the amount of $73,49, damages.

" To this instruction the defendant excepts, upon the ground that the whole evidence was insufficient, and prays that the exceptions may be allowed by the Court.

" Ichabod G. Jordan, Defendant's Attorney.

" By N. D. Appleton."

The exceptions were allowed and signed by Goodenow, District Judge, presiding at the trial.

*Appleton*, for the defendant, contended that it appeared upon the face of the note, that the defendant signed it as surety for the plaintiff and Clark. 21 Pick. 195. The charge of the Judge, that the jury might infer that the defendant knew, that Fernald signed as surety is erroneous.

On the note itself it appears, that Dawley, the defendant, signed as surety for all the preceding signers. The plaintiff cannot deny the fact, and prove it to be otherwise by parol evidence. 9 Metc. 511; 4 N. H. Rep. 124; 3 Wend. 397; 8 Taunt. 837.

*W. A. Hayes*, for the plaintiff, said that the parties to a note, as between each other, were always at liberty to prove the true relation in which they stood; to show who was actually a principal, and who was a surety. And such were the decisions in the cases cited for the defendant. *Warner* v. *Price*, 3 Wend. 397; 9 Metc. 511; 21 Pick. 195; 12 Mass. R. 102; 4 N. H. Rep. 221.

And it was the province of the jury to decide upon the effect of the evidence.

The opinion of the Court was drawn up by

WHITMAN C. J. — This is an action, on the part of the plaintiff as surety, against the defendant, as his co-surety, for a contribution of a moiety of what he had paid for their principal. Exception was taken at the trial, of a character somewhat indistinct and novel. It purports to be to the charge of the Judge to the jury, " upon the ground, that the whole evidence was insufficient;" it is not stated wherein it was so, whether to entitle the plaintiff to recover, or to authorize the Judge to submit the cause to the jury, with instruction that they might find for the plaintiff. If the former, it formed no ground for exception. It was not matter of law, but of fact, within the exclusive province of the jury for decision. If the latter, it should appear, that there was no evidence from which the jury could reasonably infer the facts necessary to entitle

the plaintiff to recover. But it is apparent that there were acts in the case tending to raise the presumption, that the defendant might have understood, at the time of affixing his signature, that the plaintiff was but a co-surety. It was evident that Clark brought the note to Fernald, and induced him to sign it for his, Clark's, accommodation ; that Clark thereupon took the note, and carried it away, and, before it was discounted at the Bank, it appears that the defendant must have added his signature to it. It may well be presumed, therefore, that Clark alone presented it to him for his signature ; and, being made payable to the Bank, it was apparent it was to be there negotiated for the benefit of Clark, or of Clark and Fernald, and as Fernald did not request his signature and Clark did, the presumption might well be, that it was for Clark's accommodation. Again it can scarcely be presumable, that he should put his name to a note without ascertaining what the object of it was ; and this presumption may be entertained more readily as Clark has deceased, so that his testimony, for any thing more decisive, cannot be had.

But it is not clear that the instruction was not quite too favorable for the defendant. In *Warner* v. *Price & al.* 3 Wend. 397, SAVAGE C. J. remarked, that the plaintiff, upon its appearing that all but the first signer had put their names to the note in suit in that case as sureties, they must all be regarded as co-sureties, " unless a state of facts be shown to the Court from which it shall appear positively, or by legal intendment, that the defendants intended, as to the subsequent signers, to stand in the character of principals." This was a case like the one at bar, in which it appeared, that the plaintiff had signed as surety, when all the others, so far as indicated by the note itself, were principals. No such positive evidence or legal intendment is to be found in the case at bar, except such as arises from the manner in which the names appear upon the note ; and this the Chief Justice did not consider of any force, after it appeared in fact that the previous signers, with the exception of the first, were but as sureties.

It was argued by the counsel for the defendant, that the

ruling of the Court, that the plaintiff, notwithstanding it does not appear on the note that he signed as surety, might show by parol evidence, that he was in fact but a surety, was erroneous. But the exception can scarcely be deemed to embrace such a point; it is to the sufficiency of the evidence; not to the admission of it. But if the exception could be considered as embracing such a point, it is far from being clear, that it could have prevailed. Nothing is more common in legal proceedings, than for one, who may have signed a note with another, without naming himself as surety, to be allowed to show, that he was such, whenever it becomes necessary to have a remedy against his principal for money paid thereon for him. And by parity of reasoning it is evident, that the same may be done against a co-surety in a suit for a contribution; and the authorities, are fully to the effect that he may do so. *Warner* v. *Price & al.* before cited; *Bank* v. *Kent,* 4 N. H. Rep. 241; *Carpenter* v. *King,* 9 Metc. 511; *McGee* v. *Prouty, ib.* 547.

*Exceptions overruled.*