Dygert *v.* Gros.

———————————◆———————————

CLINTON GENERAL TERM, July, 1850.   *Paige, Willard, and Hand,* Justices.

## DYGERT *vs.* GROS.

An indorsee of a promissory note, who has paid a part of the amount of a judgment obtained by the holder against the maker and indorsers, may recover the same of the maker, in an action for money paid, laid out and expended.

The maker of a promissory note is *prima facie* liable to all the subsequent parties. If there are any circumstances discharging his liability as such prior party, they should be clearly shown.

The taking of a joint judgment, by several indorsers of a promissory note, from the makers, to secure the former as indorsers of the judgment debtors, will not have the effect to create an implied agreement that the parties will be jointly and equally liable upon any note then existing or that may be afterwards given.

A promise, by an indorser of a promissory note, to pay one half of a judgment recovered by the holder against the maker and indorsers, upon the note, is void, as between the indorser and maker, for want of consideration.

THIS was aa action of assumpsit, tried before the Hon. John Willard, then circuit judge, at the Montgomery circuit, in November, 1846. On the trial the plaintiff gave in evidence a judgment in favor of the Herkimer County Bank against the plaintiff and the defendant and Jacob Empie, Peter G. Dunkle and George S. Dunkle, for $3123,34, docketed on the 18th day of January, 1841, which was recovered on a note of which the following is a copy:

" $3000. Three months from date I promise to pay to the order of George S. Dygert and Jacob Empie three thousand dollars at the Herkimer County Bank, value received. Fort Plain, April 24th, 1840.       (Signed) DANIEL GROS."

Indorsed—George S. Dygert, Jacob Empey, Peter G. Dunkle and George S. Dunkle.

The signatures to the note were admitted. The plaintiff proved that execution was issued upon the judgment and the plaintiff at one time paid $1000 thereon, in the spring of 1841. The following additional testimony was given. *Cornelius Mabee* was called as a witness, and testified that in April, 1841, he loaned the plaintiff $1000. He said he wanted to pay a demand the bank had. It was said to be in judgment. Mr. Alexander, the president of the bank, was there at the time. They said they had made themselves liable by a new arrangement. They said they had compromised with the bank. That they would each pay their *share.* The amount in the first place was three thousand dollars. They were each to pay one half. That is, after the agreement was made with the bank each was to pay half. And previous to the agreement it was understood each was to pay his share. The witness understood from them that the balance after the $1000 was paid, was arranged by giving their obligation to the bank. Previous to the payment, the plaintiff and defendant agreed that each was to pay his share. One of the conditions upon which the money was got by the plaintiff was to give the witness a good name, with his. He said he intended to pay the money on the judgment. After the $1000 was paid, the balance due on the execution was settled by the

Dygert v. Gros.

joint notes of all the defendants named in the judgment. At the time the settlement was made, he (the witness) suggested to the plaintiff and the defendant in this suit that they had better have their agreement put into writing, and at their suggestion he went to get some one to draw the agreement, but he did not succeed, as they were all in a hurry, and the plaintiff and the defendant said they understood the agreement. *Albert G. Story* was then called as a witness, and testified that he was the cashier of the Herkimer County Bank, and had been for about eleven years. That there was a note in bank made by Warner and Nestell and indorsed by Lawrence Gros, George S. Dygert and Jacob Empie, for $3750 which fell due on 20th of August, 1838, and not being paid at maturity was duly protested for non-payment, and notice was duly given to the indorsers. The next note made by Warner and Nestell was a note of $3000, dated August 30, 1838, and indorsed by Daniel Gros, George S. Dygert and Jacob Empie, and the proceeds of this last note, with $700 in cash, were applied to the payment of the former note. These notes were renewed from time to time, by the same parties, till January 28, 1840, when the last note was paid by the note of Daniel Gros, indorsed by George S. Dygert, Jacob Empie, Peter G. Dunkle, George G. Dunkle and Jacob Wendell, dated April 24, 1840, which note was prosecuted and is the note in question. The demand was settled by paying $1000 in cash and giving joint notes made by Daniel Gros, George S. Dygert, and the other defendant in the judgment, one for $2000, and another for $227. Witness did not recollect who paid the small note. D. Gros paid $500 on the $2000 note when it fell due, and a new joint note made as before for $1561,77 including interest. These notes were at three months. When this last note fell due a new joint note, as before, for $1080, was received, and the difference paid in cash by D. Gros ; and when this last note fell due D. Gros paid it up by a new note of $559,63, and the difference in cash. Witness thought this last note was also a joint note. Dygert paid on this last note, when it fell due, $9,63, and gave a new note for $550, which was renewed and part paid till Dec. 15, 1843, when it was paid by Dygert, the plaintiff. $559,63 was

all Dygert paid since the note of $2000. That all the parties liable on said judgment signed the joint notes.

The counsel for the defendant gave in evidence a receipt in the words and figures following: "Received, May 6th, 1841, of Daniel Gros, by the hand of L. Gros, one hundred and thirteen dollars, his half of a note of two hundred and twenty-six dollars due the Herkimer County Bank. (Signed) George S. Dygert." The counsel for the defendant called *Lawrence Gros*, who testified that he was present and saw Dygert sign said receipt, and that he paid the money mentioned in it to Dygert. Paid him $113. *Daniel Holt*, sworn for the defendant, testified that on the 2d of April, 1840, as the attorney for the plaintiffs, he entered up a judgment in favor of said D. Gros, Dygert, Jacob Empie, Robert Crouse, Peter G. Dunkle, Cornelius M. Lane, Patrick Burns, Otis French, Jonas Nestell and Jacob Wendell, for $10,000, intended to secure them as indorsers to the amount of $8835,16 against Warner and Nestell. Nestell signed the bond and warrant and took them with him, and after a while returned with Warner's name also signed to it. Among the items making up the amount of the condition in said judgment was the amount of a note in the Herkimer County Bank, indorsed by Gros, Dygert and Empie, for $2983,20. The counsel for the defendant gave in evidence an assignment of said judgment executed by P. Burns, Cornelius M. Lane, Daniel Gros and Geo. S. Dygert, dated December, 1841, transferring and setting over to William S. Shuler, for and in consideration of the sums secured to them severally in hand paid, all the right, title and interest which they or either of them had in said judgment, and the signature of Dygert, the plaintiff, to said assignment being admitted by the counsel for the plaintiff, the same was received in evidence. It was admitted by the defendant's counsel that no consideration was paid for or on account of said assignment, and that nothing had been paid or realized upon said judgment. The jury found a verdict for the plaintiff, and the defendant moved for a new trial.

*H. Adams,* for the plaintiff.

*J. Wendell,* for the defendant.

*By the Court,* HAND, J.   I think the judgment entered up in favor of D. Gros, Dygert, Empie, Crouse, Dunkle, Lane, Burns, French, Nestell and Wendell, against Warner and Nestell, on the 2d day of April, 1840, does not materially affect the rights of the parties.   The avails, if any had been received, would have reduced the amount *pro tanto,* leaving the parties liable as before for the balance.   Taking a judgment jointly, created no implied agreement that the parties would be jointly and equally liable upon any note then existing or that might be afterwards given. Then the material facts of the case seem to be, that on the 20th of August, 1838, there fell due to the Herkimer County Bank, a note made by Warner and Nestell, indorsed by D. Gros, Dygert and Empie, for $3750, which on that day w. s dishonored; and to take up which another note was made by Warner and Nestell, dated August 30, 1838, for $3000, indorsed by D. Gros, G. S. Dygert and Embie; and notes were given for the same debt, and signed and indorsed by the same parties, from time to time, until the 24th day of April, 1840, when, to take up the last one, the note in question was given.   The defendant for a long time had been a prior indorser to the plaintiff, and finally became maker of the note in question.   He was clearly liable to all the subsequent parties, unless he shows something rebutting this presumption of law.   The judgment, as we have already stated, has no such effect.   But the defendant insists that the subsequent transactions between the parties, and the plaintiff's admissions and promises, show that he was equally liable with the defendant.   The answer to this is, want of consideration for the promise, if any were made.   *Prima facie* the defendant was liable to the subsequent parties; and from his earliest connection with the claim, when his name appears in the place of L. Gros, down to the last note, he is a prior party to the plaintiff.   Any circumstance discharging his liability as such prior party, should be clearly shown.   There is no evidence that in the outset they

agreed that their liabilities should be joint, and the parties chose their position on the first note which the defendant indorsed, and we can not know what course would have been taken with Warner and Nestell and L. Gros, had the defendant kept clear of the matter. And that all were accommodation parties is not sufficient to change their legal rights. The prior indorser, as well as the maker, is liable to the indorsee, and their undertaking is not joint, but separate and successive, and all the legal consequences follow. (*Brown* v. *Mott*, 7 *John.* 361. *McDonald* v. *Magruder*, 3 *Pet. Rep.* 470. *Wing* v. *Terry*, 5 *Hill*, 162. *Phelps* v. *Ganow*, 8 *Paige*, 322. *Com. Bank of Lake Erie* v. *Norton*, 1 *Hill*, 509. *Norton* v. *Coons*, 3 *Denio*, 130.) Such being the rights of the parties, the plaintiff has done nothing to change them. Even his express promise to pay one half of the judgment, without consideration, would have been void.

The plaintiff having paid a part of the judgment, can maintain an action for money paid, laid out and expended. (*Butler* v. *Wright*, 2 *Wend.* 369.) The motion for a new trial must be denied.

New trial denied.

