WILLIAM ARMITAGE, Respondent, *v.* FRANK PULVER, WILLIAM W. PULVER, and PETER PULVER, Appellants.

*Sureties—Several Obligations—Contribution—Form of Judgment.*

It is not error to allow a Plaintiff any judgment to which, upon the allegations in the complaint and the proofs, he may be entitled, either in law or in equity.

The rights and obligations of sureties *inter se* are the same whether they are bound under one or several like obligations; and where there are several obligations, contribution between them is in proportion to the several penalties of their respective bonds.

APPEAL from judgment of the Supreme Court at General Term in the Fifth District, affirming a judgment for the Plaintiff, entered on the report of a referee.

In December, 1855, Delors Gary was appointed by Rufus Hawkins, the Sheriff of the county of Oswego, Under-Sheriff of the said county, the Sheriff requiring of him bonds to the amount of $20,000, conditioned for the due discharge of his duties as Under-Sheriff. With knowledge of this requirement, and to enable the said Gary to receive the office and its emoluments, the Plaintiff executed a bond, in the sum of $2,000, and the Defendants another bond, in the sum of $18,000, conditioned as aforesaid.

Through the neglect of the said Gary in the performance of his duties, the Sheriff was charged, in an action brought against him, with the payment of $1,002.72, damages and costs, and thereupon brought his action upon the bond executed by the Plaintiff, and recovered judgment, upon which the Plaintiff paid for damages and interest $1,052.92, with costs and Sheriff's fees.

This action was brought by the Plaintiff on the 24th of July, 1860, to recover from the Defendants their proportion of such payment, as co-securities for the performance by the said Gary of his duties as Under-Sheriff.

The complaint alleged these facts, and the insolvency of Gary;

and prayed that the Defendants be adjudged to contribute and pay to the Plaintiff $981.24—i. e., nine-tenths of the sum so paid by the Plaintiff, with interest.

The answer denied many of the facts alleged, and insisted that Plaintiff's bond was a primary security for the Defendants' indemnity, as well as for the indemnity of the Sheriff, and that the Defendants were not liable until the amount of the bond given by the Plaintiff was exhausted.

The action was referred, and on trial thereof the referee found the facts in substance above recited, and that both bonds were delivered to the Sheriff, at the same time, by Gary, as security for the faithful performance of his duty ; and also found, that in January, 1859, there were other claims to a large amount against Hawkins, as Sheriff, growing out of the acts and alleged defaults of Gary as Under-Sheriff ; that some of these have been disposed of without damage to the Sheriff ; some are supposed to have been paid by the Defendants, but the evidence does not disclose the precise amount paid, or determine their liability to pay ; and some claims are still outstanding.   But the referee did not sustain the allegation in the answer, that the Plaintiff's bond was given as a primary security, intended for the protection of the Defendants as well as an indemnity to the Sheriff.

The referee held and decided, as matter of law, that the two bonds were held as security for the same purpose and liability, and that the sureties are liable to contribute to the payment of the liabilities incurred by the default of Gary ; and that an action can be brought whenever one entire claim has been paid by one of them ; and further, that the Plaintiff and Defendants are liable to contribute in proportion to the amount of their respective bonds—that is, the Plaintiff is liable to pay (contribute) two-twentieths, and the Defendants eighteen-twentieths of the total amount charged upon all of the sureties.

He accordingly awarded to the Plaintiff eighteen-twentieths of the amount paid by him, and judgment was entered against the Defendants jointly.

The General Term required the Plaintiff to abate certain sums,

included in the judgment, for costs, and the judgment was affirmed for the balance.

The Defendants appealed.

WOODRUFF, J.—The grounds upon which the Appellants seek to reverse the judgment in this action are :

First. That it is " an action at law," and cannot be maintained, because

I. The Plaintiff has not paid yet the sum assumed by him, and there are still outstanding claims against the Sheriff, which Gary's sureties may hereafter be required to pay.

II. The Plaintiff and the Defendants were bound by different bonds, and in distinct and several penalties.

III. The Plaintiff cannot recover in an action at law against the Defendants jointly ; and

Second. If the action be regarded as an equitable action, it is prematurely brought, other claims being outstanding to which the sureties may be liable.

Third. The Plaintiff should bear one-fourth of the whole burden, to the sum of $8,000—i. e., until he had paid one-fourth up to the amount of his bond, $2,000.

Fourth. If the action be equitable, still the Plaintiff was not entitled to a judgment against the Defendants jointly. This enables him to collect the whole from one Defendant, and drives him to another action for contribution.

The counsel for the Appellants stated, also, that one of the Defendants has become insolvent ; but no such fact appears in the allegation of the parties, and no such fact appears in the findings of the referee.

In the face of an express statute, providing that, where the Defendants appear and answer, the Court may grant the Plaintiff *any* relief consistent with the case made by the complaint, and embraced within the issue (Code, § 275), it is not error to allow the Plaintiff any judgment to which, upon the allegations and proof, he is entitled either at law or in equity. It may be conceded that, by abrogating the distinction in the form of the action,

the Legislature has not, and could not, under the constitution, deprive a party of the right of trial by jury " in cases in which it has been heretofore used;" but where the facts alleged are proved, entitles the Plaintiff to equitable relief, if no question has arisen touching the mode of trial. A referee to whom the trial of an action, whether legal or equitable, may be lawfully referred, is bound, in obedience to the above quoted section (§ 275), to grant the Plaintiff any relief, whether legal or equitable, to which, upon the allegations and proofs, he is entitled.

The questions, therefore, are, whether the Plaintiff was, at the time this action was brought, entitled to any contribution from the Defendants ? And if so, in what proportion ? And should the judgment be reversed because it is in force against the three Defendants jointly for a gross sum ?

There are no special circumstances found by the referee, indicating that the bond given by the Defendants was given at the solicitation, or for the accommodation of the Plaintiff, or upon any consideration of the Plaintiff, or upon any consideration arising between the Plaintiff and the Defendants, creating an equity in their favor to be protected from contribution, nor any facts indicating that the bond of the Defendants was intended as a subsidiary security, and the other, as between those parties, the primary security, to operate pro tanto for the Defendants' protection. Some claims of this kind were set up in the answer, but no facts appear to have been proved warranting such claims.

The general doctrine that there existed, from the moment of the delivery of these bonds, an equitable right to contribute, in case a liability should arise against all, and the sureties as one only should be compelled to pay, is therefore directly applicable, unless the fact that the parties were bound by separate bonds, in different penalties, per se changes their relations to each other in this respect.

That one of two or more securities for a common principal, who has been compelled to pay the whole, or more than his just proportion of the sum for which all were bound, may compel the others to contribute their just shares of what he has so paid, is not, and cannot, at this day, be denied.

That the rights and obligations of the sureties, inter sese, are the same, whether they are bound under one or several like obligations for the same principal, and for the same debt or duty, is stated by Hon. Justice Story (Eq. Jur. § 495); and where there are several distinct bonds, with different penalties, contribution between the sureties is in proportion to the penalties of their respective bonds (§ 497), is also stated. He refers to the opinion of Lord Chief Baron Eyre, in the English Exchequer (Deering *v.* the Earl of Winchelsea, 2 Bos. and Pul. 270), in which he says : " They are bound as effectually quoad contribution, as if bound in one instrument, with this difference only, that the sums in each instrument ascertain the proportions, whereas, if they were all joined in the same engagement, they must all contribute equally."

Lord Eldon, in Mayhew *v.* Crickett et al. (2 Swanst. 198), says : " Although at one time the doctrine prevailed, that where there were separate securities there should be no contribution, that has been exploded ever since the case of Deering *v.* Lord Winchelsea ;" and again (p. 201), referring to that case : " Having myself been counsel against that doctrine, I was much dissatisfied with it ; but on further and maturer consideration, I ought to make so much amends as to say, that I am convinced it was right."

This case of Deering *v.* Lord Winchelsea is a leading case on the subject. It rests the right of contribution upon the principles of material justice and equity, and not upon any ground of implied or presumed contract between the sureties; and hence the case has since been followed, and applied to cases in which some of the sureties become such without knowledge that the others were bound, and to cases in which the suretyship of some was entered into subsequently to that of the others—always, however, provided the obligation was for the same debt or duty, and when there were no other and distinct transactions, and where it did not appear that one was intended to be secondary or collateral to the other. (See Norton *v.* Coons, 3 Denio, 130 ; Warner *v.* Price, 3 Wend. 397 ; Barry *v.* Ransom, 2 Kern. 462, 466.)

I have not been able to find a case in which the rule, as stated by Ch.J. Eyre, has been since that time denied.

It is true, that in the case itself, as reported, the sureties appear to have been bound in equal sums ; but as a statement of a rule of equity, in a case very often referred to with approbation, it is entitled to be regarded as high authority.

Hon. Justice Redfield, in the 8th edition of Story's Equity Jurisprudence, has added a section (number 497 *a*) not very intelligible in the connection in which it is found ; and the counsel for the Appellants, in the present case, has cited it as an intimation of dissent from the doctrine, that where the sureties are bound in different sums, their contributions should be in the like relative proportion. The interpolated section does not bear such a construction. It questions " whether the more recent decisions in Courts of Equity justify any such discrimination between sureties for the same debt, by different bonds, with different sums as penalties, unless where the purpose of the different sums in which the sureties are bound is, to show that the *obligor incurs the hazard of only a portion of the debt*, or a portion of what the other sureties assume."

That is to say, where the instruments show that each surety became bound for the whole debt, the circumstance that the penalties of the bond were unequal, might not affect the rate of contribution. He cites no new authority, but his note to the section shows that his meaning is as last suggested. Citing Deering *v.* Lord Winchelsea, he says : " This was the case which first decided that contribution among sureties is not matter of contract, but of general equity, on the ground of equality of burden and benefit. We infer, therefore, that the difference between the penalties of the bonds will make no difference, *provided* each exceed the debt, or the purpose of each is to bind all the sureties to the extent of the whole debt."

The converse of this supposed qualification is, that where the penalties are less than the whole debt, or the purpose is not to bind all the sureties to the extent of the whole debt, actual or contingent, the contribution will be proportioned to the burden assumed by each—i. e., pro rata.

That is the present case. Each assumed a part, and only a part,

of the responsibility, and they should share whatever is lost thereby in the proportion in which they took the hazard of the aggregate whole.

The notes to the case of Deering *v.* Winchelsea, in White's Leading Cases in Equity (vol. 1, pp. 60 to 71), with American Notes, in the Law Library edition (vol. 49, N. S. pp. 78 to 104), contain a full collection of authorities bearing upon this subject, many of which are from this State.

I regard the rule as well warranted by authority, and just and right in itself, which holds the parties before us to contribute in the proportion in which they became bound to the Sheriff.

It remains to inquire whether the action must be held to be prematurely brought, because the referee has found that " some claims are still outstanding " against the Sheriff, " growing out of the acts and alleged defaults of Gary, as Under-Sheriff."

1st. No such defence is set up in the answer of the Defendants ; and therefore no such defence was available to them at the trial.

2d. As to such claims as the referee finds had " been disposed of without damage to the Sheriff," the sureties were no longer in any peril; as to such as " are supposed to have been paid by the Defendants," the silence of the answer on the subject is conclusive that they constitute no ground of defence whatever. And as to some claims not shown to have any validity, resting alone in " alleged " default of Gary, of which there was no proof satisfactory to the referee, they are not proved or found to be obligations for which the principal, Gary, is liable, and therefore are not shown to be within the obligation of the bonds.

It is, therefore, not necessary to discuss the question whether, if it had been alleged as a defence, and had been proved on the trial, that the principal had been guilty of acts or defaults for which he was liable to the Sheriff, that proof would have availed to defeat the Plaintiff's action as premature.

But I am not satisfied that the Plaintiff was entitled to a judgment against the Defendants jointly, upon which he may collect the whole amount from one only. The Plaintiff's action, and the judgment in his favor, is sustained as an equitable action for con-

tribution.    The proper judgment or decree in such case should determine the sums which the several Defendants are bound to contribute.

Had it appeared that the Defendants made any such claim, or had on the trial insisted upon any apportionment of the amount due by them, or called the attention of the referee to the subject, the general exceptions taken to his conclusions, that the Plaintiff was entitled to judgment against the Defendants for the sum found by him, such exceptions should prevail.    But having in no wise raised the question below, I think the judgment should be affirmed.

All affirm, except GROVER, J.

JOEL TIFFANY,<br>
State Reporter.
