# SIMON HELLER
## v.
# KITTIELIA HOWARD.

1. SLANDER.—Whenever a specific meaning is given to the terms of a libel or oral slander, by connecting it with previous matter, the whole must be proved as being essential to the nature and identity of the charge.

2. EXTRINSIC MATTER.—If extrinsic matter is imperatively required to be proved, with its connection with the words spoken, in order to support the cause of action, then such extrinsic matter should be submitted to and found by the jury to exist as alleged.

3. PUBLICATION OF SLANDER.—It is necessary that the words should be spoken in the presence and hearing of a third person, in order to constitute a publication of the slander.

4. REPETITION IN PRESENCE OF A WITNESS.—The repetition of the words first spoken in the presence of a third person, does not prove that they were originally spoken in the presence of another; and the repetition being made at the special request of the plaintiff, does not of itself constitute such a legal injury as will give rise to an action.

5. EVIDENCE—ADMISSIONS BY A STRANGER.—An admission by a stranger can not be received as evidence against any party.

APPEAL from the Superior Court of Cook county; the Hon. ELLIOTT ANTHONY, Judge, presiding. Opinion filed October 26, 1882.

This was action for slander, brought by appellee Kittielia Howard, against appellant Simon Heller. The declaration is in two counts. The first is in substance that the defendant was, at the time when, etc., carrying on a dry goods business in the city of Chicago; that a certain parasol had been feloniously stolen and carried away out of said store, etc.; that, June 11, 1881, the plaintiff was in said store, and then and there had with her a certain parasol; that in a certain discourse which the defendant then and there had with the plaintiff in the presence and hearing of divers persons, of and concerning the plaintiff, and of and concerning the said parasol so stolen as aforesaid, and of and concerning the parasol in the possession of the said plaintiff, the said defendant falsely and maliciously spoke and published of and concerning the said plaintiff, and of and concerning said parasol so stolen, and of the

Heller v. Howard.

parasol in the possession of the plaintiff, the false, malicious' and scandalous words, viz.: "This," (meaning the said other parasol in the plaintiff's possession as aforesaid) " 'is a parasol that was taken out of here'"(meaning out of said store two weeks ago, and thereby meaning that said parasol, then and there in the possession of the plaintiff as aforesaid, was the very same parasol that had been feloniously stolen, etc., from said store). " You " (meaning the plaintiff) " were in  here " (meaning in said store) " at the time it " (meaning said parasol so stolen as aforesaid) " was taken " (and thereby then and  there meaning that the plaintiff had been, and was guilty of feloniously steal-ing, taking and carrying away said parasol so feloniously stolen, taken and carried away in and out of said store as aforesaid).   " This " (meaning the said other parasol in the plaintiff's possession as aforesaid) " is not your "(meaning the plaintiff's) " parasol."   " I " (the defendant meaning) " shall send it " (said last mentioned parasol meaning) " to the lady that owns it " (said last mentioned parasol meaning) " and have it " (said last mentioned parasol meaning) " identified as hers " (meaning said lady's) "parasol."    To all of which  the plaintiff then and there answered by saying to the defendant: " Why, Mr. Heller," (the defendant, meaning) " I " (meaning the plaintiff) " bought this parasol "(meaning said other para-sol in plaintiff's possession as aforesaid) " about three weeks ago at Morgenthau's store, at the corner of State and Monroe streets, and I " (the plaintiff meaning) " paid one dollar and seventy-five cents for it," (said last mentioned parasol mean-ing).   " I " (meaning the plaintiff) " am willing to have the clerk identify it," (said last mentioned parasol meaning) " that " (meaning said clerk) " sold  it " (said last mentioned parasol meaning) " to me," (meaning the plaintiff), whereupon the defendant there in the presence of said persons further said of and concerning said plaintiff: " That parasol " (mean-ing said last mentioned parasol) " was never bought this year, and furthermore, you," (the plaintiff meaning) " never bought it " (said last mentioned parasol meaning), and thereby then and there meaning that the plaintiff had been and was guilty of feloniously stealing and carrying away said other parasol in the plaintiff's possession as aforesaid.

The second count was substantially the same as the first. The defendant pleaded the general issue of not guilty. On the trial the plaintiff gave evidence tending to prove a portion of the conversation with the defendant as alleged. The plaintiff testified that during such conversation she told defendant that she had bought the parasol, which she then had in her possession, three weeks ago at Morgenthau's and paid $1.75 for it. In order to substantiate this statement, the court permitted the plaintiff against the objection and exception of the defendant, to give in evidence the following receipted bill:

STATEMENT.

CHICAGO, ILL., May 17, 1881.

MISS HOWARD,

To MORGENTHAU BROS. & Co.                                        Dr.

163 State St., (opposite Palmer House.)

1 Parasol.............................................$1.75

MORGENTHAU BROS. & Co.,

163 State St., Chicago.

A. E.

On behalf of plaintiff in error, the court gave to the jury the following instructions:

"No. 1.    If the jury believe from the evidence that there was a conversation or conversations between Miss Howard and the defendant Heller, as charged in the declaration herein, and that in the course of said conversation or conversations said Heller spoke to Miss Howard, the plaintiff in this case, and Miss Howard spoke to him in substance the words as charged in the declaration, or in either count thereof, then the jury will find a verdict for the plaintiff, and assess the damages; and in this connection, the court instructs the jury that the words need not be proven precisely as stated in the declaration; it is sufficient if they be proven substantially.

"No. 2.    The jury are further instructed by the court that all the words charged in the declaration, or in either count thereof, need not be proven to maintain the action, unless it takes them all to constitute the slander, if any; and if they believe from the evidence that a sufficient number of the words charged in the declaration, or in either count

thereof, to amount in common acceptation to a charge of larceny against Miss Howard, have been proven to have been spoken by the defendant, then they will find him guilty and assess the damages."

The jury found the defendant guilty, and assessed plaintiff's damages at $700. The court overruling defendant's motion for new trial, gave judgment, and the latter appeals to this court.

Messrs. MOSES & NEWMAN, for appellant; that the essence of the injury is the effect created by the slander upon the minds of the hearers, cited Hawkinson v. Bilby, 16 M. & W. ——; Hobart, 268; McKee v. Ingalls, 4 Scam. 33; Reed v. Ambridge, 6 C. & P. 308; Fawcett v. Clark, 48 Md. 494; Bornman v. Boyer, 3 Binn. 515; Nye v. Otis, 8 Mass. 121; Brite v. Gill, B. Mon. 65; Odgers on Libel and Slander, 112.

The general denial puts in issue the utterance of the words, of their import, and of the intent of the publication: Jarnigan v. Flemming, 43 Miss. 725; Darling v. Banks, 14 Ill. 48.

The meaning as avowed in the innuendo is a fact for the jury: Starkie on Slander, 561; Barger v. Barger, 18 Penn. 489; Welsh v. Eakle, 7 J. J. Marsh. 424.

If all the words laid are necessary to constitute the slander, then they must be proved as laid: Sandford v. Geddes, 15 Ill. 228; Patterson v. Edwards, 5 Gilm. 720; Williams v. Odell, 29 Ill. 156.

If no one heard the words, it is no slander: Viner's Abr. title "Actions;" Townshend on Slander, 395; Dismond v. Brown, 33 Ia. 15; Broderick v. James, 3 Daly, 482; Haile v. Fuller, 2 Hun, 519; Lyle v. Clason, 1 Caine's Rep. 581; Hawkinson v. Bilby, 16 M. & W. 442; Smith v. Miles, 15 Vt. 250; Odgers on Slander and Libel, 150.

Where the plaintiff procures to be done the act of which he complains, there is no injury: Starkie on Slander, 687; King v. Warney, 5 Esp. 13; Smith v. Wood, 3 Camp. 323; Weatherstone v. Hawkins, 1 Term R. 110.

Mr. PHILIP STEIN, for appellee; that it is sufficient if the

words impute a crime, whether the defendant intended to charge one or not, unless he spoke them under circumstances which the law regards as a justification, cited Hawkinson v. Bilby, 16 M. & W. 442; Gilmer v. Eubank, 13 Ill. 271; Hatch v. Potter, 2 Gilm. 725; Wilson v. Borchenius, 52 Ill. 236; Rearick v. Wilcox, 81 Ill. 77; Horn v. Mosier, 1 Denio, 488; Dale v. Harris, 109 Mass. 193; Starkie on Slander, 292; Townshend on Slander, § 68.

It is only where the words are spoken in a foreign language that their being understood by the hearers must be alleged and proven: Townshend on Slander, 324; Starkie on Slander, 101; 2 Greenl'f's Ev. 414; Zeig v. Ort, 3 Chand. 26.

It is not essential that the words in terms should charge a crime; if such is their natural inference, they are actionable: Morgan v. Livingston, 2 Rich, 573; Cass v. Anderson, 33 Vt. 182.

Repetition of the slander may be shown in aggravation of damages: Hatch v. Potter, 2 Gilm. 730; Sloan v. Petrie, 15 Ill. 425; Beasly v. Meigs, 16 Ill. 139; Spencer v. McMasters, 16 Ill. 406; Harbison v. Shook, 41 Ill. 141; Thomas v. Fischer, 71 Ill. 576; Stowell v. Beagle, 79 Ill. 525; Schmisseur v. Kreilich, 92 Ill. 347; Fidler v. McKinley, 21 Ill. 308.

McALLISTER, J.    After much consideration of this case, we are of the opinion that the judgment below should be reversed, and a new trial awarded for two reasons, either of which is sufficient to require that result. The first ground is error in the first two instructions given by the court to the jury, for plaintiff below; the second, error in the admission of testimony for the same party. In order to an understanding of the defect in the instructions, it will be necessary to state that this is one of that kind of cases (at least it was so considered by the plaintiff's attorney), where the words spoken did not, *per se*, convey the meaning which the plaintiff would and which she has, assigned to them, viz., the imputation that she had feloniously stolen a parasol, and had committed the crime of larceny. It was necessary that the words should receive explanation, by reference to certain extrinsic facts or matters, such as that defendant was a storekeeper, and had had a parasol fe-

loniously stolen from his store two weeks before the time of the speaking of the words set out. Without the averment of such extrinsic facts of a parasol having been so stolen, and a conversation or colloquium in reference thereto, an innuendo assigning such meaning to the words would not make the declaration good, or show a cause of action. Chit. on Pl. * 400; Hawkes v. Hawkes, 8 East, 427; Van Vechten v. Hopkins, 5 Johns. R. 211.

It is enough that the pleader, in both counts of the declaration, has averred such extrinsic matters and a colloquium in reference thereto, thus connecting such extrinsic matter and the slanderous words together. It is the settled rule of law that wherever a specific meaning is given to the terms of a libel or oral slander, by connecting it with previous matter, the whole must be proved as being essential to the nature and identity of the charge. 2 Stark. on Ev. Part 1,* 629; 3 Selw. N. P. 1,067; 2 Greenleaf on Ev. § 413; Strader v. Snyder, 67 Ill. 404.

If the extrinsic matter is imperatively required to be proved, with its connection with the words spoken, as a whole, in order to support the cause of action, then it is indispensable that such extrinsic matter should be submitted to, and found by the jury to exist as alleged, in order to find a verdict for the plaintiff. The instructions under consideration wholly omit to do so, and were, therefore, fatally erroneous. They were defective under the circumstances of the case, in that they neither of them contained the hypothesis that the words were spoken in the presence and hearing of some third person. It was necessary that they should have been so spoken, in order to constitute a publication, and complete the injury. There was more than one conversation between the parties; but the plaintiff has clearly counted in her declaration, upon the first one alone. Now the evidence leaves it extremely doubtful, if any third person heard and understood that conversation in any such sense as is ascribed in plaintiff's innuendo. At the last conversation, plaintiff brought a witness, and specially requested defendant to then repeat what he had said in the first. Concede that he had complied, and repeated the whole or a por-

tion of it; that would have no tendency to show that any third person heard such first conversation at the time it was had; and it will not do to say that the repetition of it in the presence and hearing of the witness who came with plaintiff, constituted of itself such legal injury as to give rise to an action. The repetition was at her special request, and the maxim *volenti non fit injuria*, will apply.

Lastly, the paper purporting to be a receipted bill of Morgenthau Bros. & Co. for a parasol sold to a Miss Howard, May 17, 1881, and admitted by the court in evidence, against the objection of the defendant, was incompetent, since the parties purporting to have made it were neither parties to the record, parties in interest, or agents of the defendant, but were strangers. The defendant was entitled to have all evidence against him given upon oath and the witnesses subject to cross-examination. Such evidence was *res inter alios acta.* The general rule is that "an admission by a stranger can not be received as evidence against any party, for it may have been made, not because the fact admitted was true, but from motives and under circumstances entirely collateral, or even collusively, and for the very purpose of being offered in evidence": 1 Starkie on Evidence,* 59; Longnecker v. Hyde, 6 Binney, 1; Cutbush v. Gilbert, 4 Serg. & R. 551; Warner v. Price, 3 Wend. 397; Jacobs v. Putnam, 4 Pick. 108; Spargo v. Brown, 9 Barnw. & Cres. 935; Melody v. The People, 8 Bradwell, 487.

For the reasons stated the judgment of the court below must be reversed and the cause remanded.

Reversed and remanded.