O'DONNELL v. NEE.

(Circuit Court, D. Massachusetts. March 7, 1898.)

No. 636.

1. SLANDER—REPETITION OF ACTIONABLE WORDS.

An admission by defendant, at plaintiff's request, and in the presence of a third party, that on a previous occasion he had used the alleged slanderous words, is no ground of action, when it does not appear that the language was originally used in the presence of a third party.

2. SAME—PLEADING.

A declaration is defective which fails to set forth the alleged slanderous words substantially as they were uttered.

This was an action by Francis O'Donnell against Thomas Nee for slander. The case was heard on demurrer to the declaration.

E. H. Savory, for complainant.

Albert A. Gleason, for defendant.

COLT, Circuit Judge. This is an action of slander. The present hearing was on demurrer to the declaration. The declaration alleges that the defendant, on January 7, 1897, in the yard of the New York, New Haven & Hartford Railroad Company, located at Boston, falsely and maliciously accused the plaintiff of the crime of larceny. The alleged slanderous words are as follows:

"The plaintiff said to one Curry, 'The watchman' (meaning the defendant) 'has accused me of hiding brass to steal.' Said Curry turned to the defendant, and said, 'Is that so?' whereupon the defendant said, 'Yes' (meaning thereby that the plaintiff was guilty of the crime of stealing said brass)."

It does not appear that the language complained of was originally used in the presence of a third party; but it does appear that subsequently the defendant, in the presence of the plaintiff and a third party, admitted that he had used such language. We believe the sound rule of law to be that the repetition of alleged slanderous words made in the presence of a third person at the special request of the plaintiff does not of itself constitute a ground of action.

Upon the allegations in the declaration, there was no such publication as would entitle the plaintiff to a right of recovery. Heller v. Howard, 11 Ill. App. 554; King v. Waring, 5 Esp. 13; Smith v. Wood, 3 Camp. 323; Weatherston v. Hawkins, 1 Term R. 110. The allegations in the second and third counts of the declaration, although more specific than in the first count, quoted above, in no way affect the principle of law which we deem controlling in this case. The fourth count of the declaration is defective, in not setting forth the alleged slanderous words substantially as they were uttered. Lee v. Kane, 6 Gray, 495; Clay v. Brigham, 8 Gray, 161. Demurrer sustained.