## Paul Wuttke, Appellee, v. Samuel Ladanyi, Appellant.

### Gen. No. 27,596.

LIBEL AND SLANDER—*explanation of grounds for discharge of employee as privileged.* A statement made by defendant to a discharged employee and his representative in answer to the employee's demand for a statement of the cause of his discharge that it was because he had spoiled the work and also that it had been reported to the employer by a foreman that the employee had a venereal disease, is a qualified privileged communication where the evidence shows that the conversation was private and confidential between officers of the employer and the employee and the latter's representative, that it was not heard by any other person and that it was made during a conference for the purpose of adjusting the matter of the employee's discharge.

Appeal from the Superior Court of Cook county; the Hon. S. C. STOUGH, Judge, presiding. Heard in this court at the March term, 1922. Reversed with finding of facts. Opinion filed October 30, 1922.

McGOORTY, SILBER, ISAACS & WOLEY, for appellant; JAMES D. WOLEY and EDMUND M. SINNOTT, of counsel.

MELVILLE R. THOMSON, for appellee; GEORGE H. SUGRUE, of counsel.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

Plaintiff filed suit in slander, claiming damages because defendant had wrongfully said he was afflicted with syphilis. Upon trial he was awarded $1,000, and from the judgment for this amount defendant appeals.

For some time prior to the year 1919 the Vienna Sausage Company, a corporation, manufactured sausage and pickled meats in Chicago. Defendant, Samuel Ladanyi, was its treasurer and general manager, and it was his duty to engage and discharge employees. Plaintiff had worked for this company for about two years before January, 1919, most of the time as a meat trimmer. In December, 1918, he had charge of the pickling department, and defendant claimed that a considerable amount of meat was then spoiled, due to plaintiff's negligence and incompetency. Some time in this month another employee named Batary, a foreman of the sausage factory, told defendant of his suspicions that plaintiff "was sick" and that the toilet should be closed up. Batary again complained to defendant, saying he would have to report plaintiff's condition to the government inspector. January 11, 1919, plaintiff quit work for the purpose of attending a labor convention in Chicago, but returned on the 17th, when he was discharged by defendant, who gave as a reason therefor that plaintiff had spoiled their meat. Plaintiff then filed a notice of his discharge with the Stock Yards Labor Council, of which he was a member, and Martin Murphy president. It was the duty of the president to investigate labor disputes with a view to settling them. January

plaintiff, with Murphy, went to the place of busi-ness of the Vienna Sausage Company for the purpose of investigating plaintiff's discharge. They came of their own motion, without any previous arrangement with or knowledge of defendant. Upon their arrival at the company's plant they were met by defendant, who conducted them into his private office, a small room with one door. There were present at this meeting plaintiff and the defendant, Martin Murphy and Mr. Loebe, secretary of the company. The conference lasted only a few minutes. Murphy inquired of defendant as to why plaintiff was discharged and was told the reason was that plaintiff had spoiled meat. The evidence shows that defendant further said at this time that Batary, the foreman, had reported that plaintiff was "sick" and defendant asked plaintiff if this was true and plaintiff replied, "No, I am not sick." Plaintiff and Murphy testified that defendant used the word "syphilis," although Murphy says he may have used the word "sick." However, we do not think the exact words used are of vital importance. It is a fair inference that all parties understood that defendant was referring to the report made to him that plaintiff was suffering from a venereal disease. After this conversation plaintiff and Murphy left. An attempt was made by the testimony of a woman customer to prove that defendant at this time, in the outer store in the hearing of customers and employees generally, charged plaintiff with having syphilis, but we are not inclined to credit her story. Murphy, testifying for plaintiff, corroborates both defendant and Loebe in saying that defendant remained within the private office and said nothing in the outer store.

Subsequently plaintiff's discharge was considered by Federal Judge Alschuler, who was at that time hearing labor disputes arising out of employment in the Stock Yards, and thereupon it appeared that the discharge was due to the fact that plaintiff had

"spoiled meat." After the hearing before Judge Alschuler plaintiff was re-employed by the Vienna Sausage Company, but subsequently voluntarily quit because, as he testified, "I made a case on Ladanyi."

Various meritorious points are presented which would compel a reversal and remandment because of errors upon the trial. But we do not comment upon these for the reason that the evidence does not warrant the verdict and judgment against defendant.

We hold that the communication to plaintiff and Murphy above related was one of qualified privilege, uttered privately for a good and proper purpose, to a person or to persons having an interest in the subject-matter.

"Occasions where the privilege is qualified extend to a variety of communications made in good faith and from honest motives upon any subject in which the party communicating has an interest or in reference to which he has a duty to some one having a like interest or duty. Newell on Defamation, Slander and Libel, ch. 19; Odgers on Libel and Slander, 196." *Young v. Lindstrom*, 115 Ill. App. 239-246.

"Where the defendant has an interest in the subject-matter of the communication and the person to whom the communication is made has a corresponding interest, or some duty in connection with the matter, every communication made in such circumstances is privileged by reason of the occasion." Odgers on Libel and Slander (5th ed.) 280.

The communication in question comes within this class.

It is also the rule that when an alleged slanderous communication is made privately and confidentially in response to an inquiry by the person said to be slandered, the charge of slander will not be supported. This is for the reason that the party has invited the communication and the maxim *volenti non fit injuria* applies. *Heller v. Howard*, 11 Ill. App. 554.

It would be a dangerous precedent to hold that an

employer could not, privately and confidentially, give an explanation bona fide to a discharged employee, or his representative, who has solicited an explanation of the discharge, without laying himself open to the charge of slander. The alternative would be that he must refuse to explain or must give some fictitious excuse, which would be unfair to the employee.

While the trial judge properly left to the jury to determine as a question of fact whether the communication in question was a qualified privileged one, we are of the opinion that the evidence did not justify the conclusion of the jury in that respect, and the judgment is reversed with a finding of facts.

*Reversed with a finding of facts.*

Dever and Matchett, JJ., concur.

Finding of facts. We find as ultimate facts that the communication of defendant, as alleged in plaintiff's declaration, was made bona fide in a private, confidential way to persons having an interest in or duty concerning the subject-matter, and was made by defendant as a duty owing to the parties to whom the communication was made and in response to an inquiry made by them; that it was a qualified privileged communication, for which defendant cannot be held to respond in an action for slander.