## HARRIS *vs.* WARNER.

Where a party signs a note as the surety of another, and subsequently a third
    person affixes his name also as a maker, adding to his signature the words
    *surety for the above parties*, the first surety, although he pays the note,
    cannot compel constribution against the second surety, unless it is made
    satisfactorily to appear that the *second surety* intended to place himself
    in the relation of *co-surety* with the first surety.
And *it seems*, notwithstanding the declaration attached to his name had the
    *second surety* been obliged to pay the note to the payees, that he could not
    have called upon the *first surety* as a *principal*, without showing a *contract* establishing as between them the relation of principal and surety.

THIS was an action of *assumpsit*, tried at the Livingston circuit in September, 1832, before the Hon. ADDISON GARDNER, one of the circuit judges.

The declaration was for money paid. The plaintiff on the trial produced a promissory note for $700, payable to " The President, Directors and Company of the Livingston County Bank," signed as follows : " Levi Hovey. Cambell Harris, *as surety.* D. H. Bissell, *surety.* Zachariah Spencer, *surety.* Asahel Warner, *surety for the above names.* The plain-

tiff, *Campbell Harris*, proved that the note was made and discounted for the benefit of *Hovey*, as principal ; that when it fell due, Hovey failed to pay it, and he (the plaintiff) paid and took it up. *Spencer*, the forth signor of the note, proved that when he affixed his name, the names of Hovey, Harris and Bissell were subscribed to the note, as they now appear. The plaintiff offered to prove further, by this witness that at the time *Spencer* signed the note, he directed Hovey not to use it without obtaining the name of the defendant *as a co-surety ;* but the evidence was objected to by the defendant, and rejected by the judge. Spencer further testified that he had paid his proportion of the note to Harris. The defendant insisted that the plaintiff had failed to show that he was a co-surety. The judge, however, refused to nonsuit the plaintiff, and directed the jury to find a verdict for him for *one-fourth* of the amount of the note and interest. The jury found accordingly, subject to the opinion of the court, i. e. if the court should be of opinion that the proof was not sufficient to entitle the plaintiff to recover, judgment of nonsuit to be entered ; otherwise, judgment for the plaintiff upon the verdict.

*M. T. Reynolds,* for the defendant. There was no contract between the defendant and the plaintiff, or the two other original sureties of the principal, either expressed or implied. The undertaking of the defendant was not that of a *co-surety* with the plaintiff and the others, but that of a *guarantor* for the previous parties to the note ; he was their *surety,* and as to him all the previous parties are principals.

*C. P. Kirkland,* for the plaintiff. Had the defendant paid the note of Hovey, he could not, according to the principal of the case of *Warner* v. *Price,* 3 *Wendell,* 399, have sustained an action against Harris, Bissell and Spencer, as *their surety,* unless it was shown, either positively or by legal intendment, that the other sureties meant as to a subsequent party to stand in the character of principals. If the defendant could not sustain such action, he consequently was not their surety, but a *co-surety* with them for the principal, Hovey. The de-

ALBANY,
Jan. 1835.

Harris
v.
Warner.

fendant was holding to the payees equally with the other sureties of Hovey; and having been relieved from his responsibility by the plaintiff, he is bound to make contribution. 2 *Pothier*, 68. 2 *Bos. & Pull.* 270. 4 *Johns. Ch. R.* 334.

*By the Court,* NELSON, J. This case is supposed to turn upon the principals of the case of *Warner* v. *Price* 3 *Wendell*, 397. That was an action by a co-surety, who had paid the debt against the defendants, assuming all of them to be principals, when the fact was, and he knew it at the time of signing the note, that only one of them was the principal. There was, therefore, an attempt to subject the other sureties as principals, without any assent or agreement on their part to stand in that relation to the plaintiff. It was in that case well said by the chief justice, that the plaintiff and the defendants must be considered co-sureties, "unless a state of facts be shown to the court, from which it shall appear positively, or by legal intendment, that the defendants intended, as to the subsequent signer, (the plaintiff,) to stand in the character of principals." They would be bound only by their agreement, express or implied.

Here the defendant is resisting a claim against him, founded upon the position that he is a co-surety with the plaintiff, and bound to contribute. Now, upon the principles of the above case, the plaintiff must show positively, or by legal intendment, that the defendant has placed himself in that relation to him. The defendant had a right to qualify his contract as he pleased, consistent with the rules of law. He refused to sign as a co-surety with the other sureties, but did sign as surety for the whole, in which there was certainly nothing unlawful. The payees had the benefit of his name, and it did the other sureties no harm. I admit, had the money been collected from the defendant, he could not have recovered from the other sureties as principals, unless he could have shown what was required in the case of *Warner* v. *Price,* and what we require as to him here, *a contract* to stand in the relation charged. He is not a *co-surety* as between him and the other sureties, so as to enable them or either of them to obtain contribution.