On the trial the case was that a note had been discounted at the Newbern Branch of the State Bank, of which the following is a true copy:
NEWBERN, Feb. 5, 1833.
(540) "$889:29-100. Ninety days after date we promise to pay the President and Directors of the State Bank of North Carolina, eight hundred eighty-nine 29-100 dollars, negotiable and payable at the Newbern Branch of the said Bank, for value received.
 "ASA H. RHODES. "JAMES THOMPSON. "M. PETTAWAY. "D. W. SANDERS. (Security to above) "LUKE HUGGINS. (Security to above)" *Page 425 
The cashier of the bank stated that this note was discounted and the proceeds paid to Luke Huggins, one of the makers, and that the note was afterwards renewed by another in the same form, signed by all the parties except Huggins, David W. Sanders annexing to his name as above the words "security to the above." Upon this latter note suit was brought in the County Court of Onslow, and a judgment obtained, the execution upon which was paid equally by the present plaintiff and M. Pettaway, Aso H. Rhodes having left the State, insolvent.
For the defendant it was insisted that Rhodes, Thompson, and Pettaway were joint makers, and that he was their surety, or supplemental surety, and that this was evidenced by the note itself. The plaintiff then offered a witness who stated that he wrote the first note at the request of Luke Huggins and Asa H. Rhodes, when the latter stated that he was indebted to the former and the note was for the purpose of enabling him to raise money to pay the debt. This evidence was objected to by the defendant because the other parties were not present when the conversation took place, but was received by the court.
His Honor instructed the jury "that if Rhodes was principal in the note, and Thompson and Pettaway had received no benefit from it, and there had been no request or understanding between them and the defendant Sanders, as to the terms on which he should sign it, they were all co-securities, and the plaintiff would be entitled to recover a rateable proportion of defendant." Under this instruction, the plaintiff obtained a verdict and judgment, and the defendant appealed. (541)
Was Sanders a co-surety with Thompson and Pettaway for Rhodes, the principal in the note? Where a party signs a note as the surety of another, and subsequently a third person also affixes his name as a maker, adding to his signature the words "surety to the above parties," the first surety, although he pays the note, cannot compel contribution against the second surety, unless it is made satisfactorily to appear that the second surety intended to place himself in the relation of co-surety with the first surety. Harris v. Warner, 13 Wend., 400. If the makers of this note all signed in the presence of each other and there was no agreement or understanding on the subject of liability among them, then Saunders signing last on the paper, with the words "surety to the above" added to his name, was strong evidence, we think, that he did not intend to be considered as a co-surety, but only a guarantor of the paper to the bank. We are of the opinion that the judge erred in *Page 426 
charging the jury that the defendant, under the state of facts as existed before him, was a co-surety and bound to contribute. There must be a new trial.
PER CURIAM. Judgment reversed.
(542)