Daniel, Judge.
Was Sanders a co-surety with Thompson and Pettaway for Rhodes, the principal in the note?— Where a party signs a note as the surety of another, and subsequently a third person also affixes his name as a maker, adding to his signature the words, “surety to the above parties,” the first surety, although he pays the note, cannot compel contribution against the second surety, unless it is made satisfactorily to appear that the second surety intended to place himself in the relation of co-surety with the first surety. Harris v. Warner, 13 Wend. 400. If the makers of this note all signed in the presence of each other, and there was no agreement or understanding on the subject of liability among them, then Saunders signing last on the paper, with the words, “ surety to the above” added to his name, was strong evidence, we think, that he did not intend to be considered as a co-surety, but only a guarantor of the paper to the Bank. We are of the opinion that the judge erred in charging the jury, that the defendant, under the state of the facts, as existed before him, was a co-surety, and bound to contribute. There must be a new trial.
Per Curiam. Judgment reversed.