### ROBISON *vs.* LYLE.

As between the makers of a promissory note and the holder, all are alike liable—all are principals—but, as between themselves, their rights depend upon other questions, which are the proper subject of parol evidence. On the trial of an action, therefore, between the signers of such a note, it is right to receive extrinsic proof, to show which of the parties signed the note as principal debtors, and which as sureties.

The fact that one of the signers of such a note added to his signature the word "*security*," is evidence, *prima facie*, that he signed the note as surety for somebody. But even such a presumption may be overcome by proof that, though he signed as "*security*," he was, in fact, a principal debtor. The only advantage which he would derive from this addition would be to save himself the necessity of proving, at least in the first instance, the fact that he was a mere surety.

To a joint and several promissory note, made by five persons, the first four subscribed their names, without any additions to designate in what character they signed it, whether as principals or as sureties; and the *fifth*, after his name, wrote the word "*security*." The money for which the note was given, was received by the *first* signer, and applied to his use; the *second* signer paid the note to the *fifth*, as the attorney of the payee; and then commenced a suit against him, the "*security*," to recover the amount paid.

*Held*, 1. That whether or not the plaintiff signed the note as a principal, interested in the loan for which it was given, or merely as a surety for the first signer, was a question of fact, open to proof, and upon which parol proof was properly received.

2. That the jury having found, upon that evidence, that the plaintiff as well as the defendant signed the note as surety, the plaintiff and defendant stood upon the same footing.

3. But that it was competent for the defendant—although the plaintiff, with the third and fourth signers of the note, had signed it as sureties for the first signer—to make himself the surety for all the other makers of the note whose names had preceded his; and that this, too, was a question open to proof.

4. That to show that he had signed the note as surety for *all* the parties whose names preceded his, he had a right to give in evidence a conversation between him and the payee of the note, which took place either at the time the loan was applied for, or at the time when the money was received.

5. That it was important to ascertain what was in fact the contract between

Robison *v.* Lyle.

the defendant and the payee of the note; that the defendant's signature did not furnish evidence sufficient to determine that question; that it became necessary, therefore, to have recourse to extrinsic evidence; and that that evidence must, from the nature of the case, consist of the declarations of the parties at the time of the transaction.

6. That the negotiation which resulted in the loan, was as much a part of the transaction, as the receiving of the money; and that what was said by the parties at either of these interviews, was pertinent evidence for the purpose of showing what was the true character of the defendant's contract; being part of the *res gestæ.*

The refusal of the judge to permit proper evidence to be given to the jury by the party against whom the verdict is rendered, is ground for a new trial.

THIS was an action of assumpsit, tried at the Columbia circuit, January, 1850, before Mr. Justice Watson. Upon the trial, the plaintiff gave in evidence a note, of which the following is a copy :

" $600.   On demand, for value received, we or either of us, promise to pay John W. Waldorf, or bearer, six hundred dollars with interest from date.   January 6, 1845.

PETER ROBISON.

CHARLES ROBISON.

JACOB I. STALL.

ZACHARIAH D. FELLER.

JOHN V. A. LYLE, *Security.*"

The plaintiff proved the payment of the note by him to the defendant as the attorney of the payee. The plaintiff also proved that the money, for which the note was given, had been received by Peter Robison and applied upon his notes at the Kingston and Ulster county banks. The plaintiff also gave some other evidence tending to show that the money had been obtained for the benefit of Peter Robison. And the plaintiff having rested, the defendant moved for a nonsuit upon the following grounds. 1. That the defendant, having added the word *security* to his signature, must be deemed to have been signed as security for all the other signers of the note. And 2. That parol evidence was inadmissible to prove that the other signers of the note were not principals, and was not admissible

to vary the effect of the written evidence. The motion was denied, and the defendant's counsel excepted.

The defendant then called John I. Waldorf, a son of the payee of the note, who testified that he was present at a conversation between his father and the defendant, in regard to his signing the note as security; that such conversation was either on the day upon which the defendant obtained the money, or on the previous occasion when he applied for it; that he heard but one conversation on the subject. The defendant then offered to prove the conversation. The plaintiff's counsel objected to the evidence, and the objection was sustained. The defendant excepted to the decision. The defendant then proved, by another witness, that John I. Waldorf, the son of the payee, was present when the money was obtained by Lyle, and then again offered to prove, by John I. Waldorf, the conversation between Lyle and his father. The evidence was again excluded. The defendant offered other evidence to show that the money had been obtained upon the note for the benefit of the plaintiff as well as Peter Robison. The testimony being closed, the defendant's counsel asked the court to charge the jury that on the face of the note, and unexplained, the law raised the presumption that the defendant Lyle was the surety of the four persons whose names were signed to the note above his name, and that parol evidence was not admissible to contradict the relations of the parties to the note, thus shown to exist. The court refused so to charge, and the defendant excepted. The defendant's counsel further asked the court to charge the jury, that evidence merely of the appropriation of the money received from Waldorf on this note, by Peter Robison, subsequently, to his own benefit, was not proper evidence to characterize the liability of the defendant, as surety for Peter Robison alone. The court refused so to charge, and the defendant excepted. The cause was then submitted to the jury, who rendered a verdict for the plaintiff for $185,77. The bill of exceptions contained some other questions upon the admissibility of evidence, which it is unnecessary to notice.

Robison *v.* Lyle.

*K. Miller* for the plaintiff.

*H. Hogeboom,* for the defendant.

*By the Court,* HARRIS, J.   Upon the trial the defendant rested his defense upon two grounds, either of which, if sustained by the evidence, would have entitled him to a verdict in his favor.   In the first place he insisted that the plaintiff, as well as Peter Robison, was a principal debtor upon the note, and that the other makers, with himself, were sureties for the two Robisons, and then, whether the plaintiff was a principal debtor or not, that he, the defendant, was only a surety for all the other makers.   Upon these questions parol evidence was admissible.   As between the makers of the note and the holder all are alike liable—all are principals—but, as between themselves, their rights depend upon other questions which are the proper subject of parol evidence.   (*Sisson* v. *Barrett,* 6 *Barb. S. C. Rep.* 199.   *Same case upon appeal,* 2 *Comst.* 406.)   The judge at the circuit was right therefore, in receiving extrinsic proof to show which of the parties signed the note as principal debtors, and which, as sureties.

The fact that the defendant added to his signature the word " *security,*" was evidence, *prima facie,* that he signed the note as surety for somebody.   Even this presumption might have been overcome by proof that, though he signed as security, he was, in fact, a principal debtor.   The only advantage which the defendant derived from this addition was, that he saved himself the necessity of proving, at least in the first instance, the fact that he was a mere surety.   Others of the makers also signed as sureties, but not having taken the precaution, adopted by the defendant, they were obliged, before they could avail themselves of that relation, to establish the fact that, like the defendant, they also signed as sureties.   Whether or not, therefore, the plaintiff signed the note as a principal, interested in the loan for which it was given, or merely as a surety for Peter Robison, was a question of fact, open to proof, and upon which parol evidence was properly received, and, as we are bound to presume,

Robison *v.* Lyle.

properly submitted to the jury. Upon that evidence, thus submitted, the jury have found that the plaintiff, as well as the defendant, signed the note as surety. As was said by Justice Barculo, in *Sisson* v. *Barrett*, above cited, the jury have annexed to the plaintiff's name the word *surety*. The plaintiff and defendant, therefore, stand upon the same footing. Both are sureties.

But then, it was competent for the defendant, though the plaintiff with Hall and Feller, had signed the note as surety for Peter Robison, to make himself the surety for all the other makers of the note. This he insisted upon the trial he had done. This, too, was a question open to proof. He had signed the note as surety, but whether it was as surety for Peter Robison, the principal debtor, or for all the makers who had signed before him, did not appear. This question, too, was properly submitted to the jury, and their verdict must stand, unless an error has been committed in receiving or rejecting evidence.

To show that he had signed the note as surety for all the parties whose names preceded his, the defendant proposed to give in evidence a conversation between him and the payee of the note, which took place either at the time the loan was applied for, or when the money was received. I think this evidence should have been received. That the defendant had a right to qualify and restrict his liability, so as to make himself a mere guarantor of the note, will not be denied. If he had that right, it was competent for him to prove that he did so qualify and restrict his liability. The manner of signing furnishes no evidence upon this question. It is equally consistent with such restricted liability, and with a liability as co-surety with the other sureties upon the note. The question must therefore be determined by extrinsic evidence. It was shown upon the trial that the defendant made the application to the payee of the note for the loan. He brought the note to the payee, signed by all the other makers. The payee required him to add his signature, as a condition of the loan. The witness, John I. Waldorf, was present when the defendant signed the note. He heard but one conversation between the

Robison *v.* Lyle.

defendant and his father, and whether that conversation was had when the defendant applied for the loan, or when the money was received, he could not say. Whether it was on the one or the other of these occasions, I think it was equally competent evidence. It was a part of the transaction which was the subject of inquiry. It was important to ascertain what was in fact the contract between the defendant and the payee of the note. The defendant's signature did not furnish evidence sufficient to determine that question. It became necessary, therefore, to have recourse to extrinsic evidence. That evidence must, from the very nature of the case, consist of the declarations of the parties at the time of the transaction. The negotiation which resulted in the loan, was as much a part of the transaction, as the receiving of the money. What was said by the parties, at either of these interviews, was pertinent evidence for the purpose of showing what was the true character of the defendant's contract. Such declarations, made at the time of the transaction, and expressive of its character, motive, or object, are to be regarded, as has been well said, as "*verbal acts, indicating a present purpose and intention,*" and are therefore admitted in proof, like any other material facts. They are parts of the *res gestæ.* (1 *Greenl. Ev.* § 108, *and cases cited.* 1 *Phil. Ev. Cowen & Hill's ed.* 231. *Wilmot* v. *Hurd,* 11 *Wend.* 584. *Harris* v. *Warner,* 13 *Id.* 400.) I think, therefore, that the defendant should have been permitted to prove all the conversations which were had between him and the payee of the note, relating to the subject matter of the transaction, at any time before the transaction was closed by the payment of the money, or the delivery of the note, for the purpose of showing, if he could, that he signed the note, not as a co-surety with the other sureties, but as a surety for the whole. Upon this ground alone, I think a new trial should be awarded.