DETERMINED IN

# THE SUPREME COURT

OF

## WYOMING TERRITORY.

## JULY TERM, 1872.

### GREAT WESTERN INSURANCE COMPANY v. PIERCE.

COUNTER-CLAIM.—A counter-claim set up by the defendants in an action can only be maintained where it exists in favor of all the defendants against the plaintiffs, and each and every of them.

IDEM.—"Where a note is on its face joint or joint and several, it is conceived that evidence to show that one maker is surety for the other is inadmissible at law if the question arises between the creditor and the surety; but evidence to that effect has been received when the question arises between the principal debtor and the sureties."

IDEM.—"As between the makers of a promissory note and the holders, all are alike liable, all are principals; but as between themselves, their rights depend upon other questions."

IDEM.—A counter-claim cannot be maintained by one alone of several defendants, who are all joint and several makers of a promissory note, against the holder and payee, although such defendant offer to prove that he alone is the principal, and the other defendants simply sureties.

VERDICT—FORM OF.—Where a verdict is returned in writing by a jury, it should at least show clearly upon its face precisely what the jury intended to find. It should state for which of the parties to the action the jury finds, and also against which one, where there are more than one of either plaintiffs or defendants.

IDEM.—A verdict in the following form held to be insufficient: "We, the jury, find a verdict for H. A. Pierce for the sum of one thousand one hundred and fifty-eight dollars and five cents. A. P. Post, Foreman."

ERROR to the First District Court for Laramie County.

A full statement of this case is contained in the following opinion of the court.

This was an action brought by the *Great Western Insurance Co.* v. *H. A. Pierce and L. Murrin & Co.*, on a certain promissory note, in the following form:

"$538.97.   Cheyenne, Feb. 16, 1871.   Sixty days after date we, or either of us, promise to pay Great Western Insurance Company of Chicago, Ills., or order, five hundred and thirty-eight $\frac{97}{100}$ dollars, value received, with ten per cent. interest from this date, payable at the banking house of Posey S. Wilson, at Cheyenne, W. T.   H. A. Pierce and L. Murrin & Co."

The above note not having been paid at maturity, suit was brought against the makers thereof to the July term of the said court, 1871.

*D. McLaughlin*, for plaintiff, filed his petition setting out as the cause of action the foregoing note.

*Messrs. Johnson & Steel*, for defendants, filed an answer to plaintiff's petition, in which they admit the execution of the note, but allege that L. Murrin & Co. signed the said note as sureties; and that H. A. Pierce alone, defendant, was the principal. They deny that they are indebted to the plaintiff in the amount of the note, or in any other amount. They further allege that the plaintiff is indebted to defendant Pierce for services rendered and other matters, as set forth in a schedule thereto attached and made a part of defendant's answer in the sum of eleven hundred and fifty-eight dollars and five cents. To this answer the plaintiff by his counsel filed a general demurrer, which after argument was overruled. Plaintiff then filed an application for continuance upon the ground of absent witnesses, which were material on account of the counterclaim set up by defendants. This application was refused.

Plaintiff then filed a replication to defendants' counter-claim, denying each and every material allegation of the same, and denies that plaintiff owes defendant said sum of ten hundred seventy-five dollars and five cents, or any other sum whatever, and demands judgment as prayed for in its complaint. The case being ordered to trial by the court, Chief Justice J. H. Howe presiding, upon the pleadings as they then stood.

The plaintiff, by its attorney, moved the court to dismiss the cause as to plaintiff's claim, and it is so ordered by the court to be dismissed, and the privilege given to defendants to prosecute their counter-claim. A jury was called and sworn, when defendants submitted the schedule of items making up the amount, viz., one thousand and seventy-five dollars and five cents claimed by H. A. Pierce, one of the defendants, against the plaintiff. The jury retired to their room, and returned a verdict in the following form:

"We, the jury, find a verdict for H. A. Pierce for the sum of one thousand one hundred and fifty-eight dollars and five cents. ($1158.05.)    A. B. Post, foreman."

The plaintiff, by its attorney, moved the court to set aside the verdict of the jury in the above entitled cause, for the following reasons: 1. Because the court erred in overruling the demurrer of plaintiff to defendants' answer; 2. Because the verdict is against law; that it is irregular and uncertain, and is not given in favor of or against either the plaintiff or defendants.

The plaintiff, by its attorney, moved the court also to grant a new trial, both of which motions were refused.

In the answer of defendant to plaintiffs' petition they set out, although the note upon which the suit is brought is in form a joint and several note, that it was understood by all the parties to the transaction that H. A. Pierce was the real maker of the note, and that L. Murrin & Co. signed it as sureties, and hence, H. A. Pierce had a right to present his schedule as a counter-claim, a set-off to the note,

and if that is so, then the court below did right in overruling the plaintiff's demurrer to defendants' answer; on the other hand, however, if the note in question was really as its face represents it to be, a joint and several note, that then no matter whether the items in the schedule presented by H. A. Pierce were correct or not, that they could not be set up as a counter-claim in a suit brought on the note, from the fact that a counter-claim must partake of the nature of the action against which it is set up, and moreover must be of such a character that the defendant who raised it could maintain an action on it against the plaintiff. And again, it was claimed by the plaintiff that the only evidence by which it can be shown that one or more of the signers to a joint and several note signed it as sureties, must be made to appear by the instrument itself. In support of these positions various authorities were cited, and the defendants, in support of their view of the case, referred us to several authorities, none of which, however, satisfy us of the correctness of either of their positions.

*D. McLaughlin,* for plaintiff in error.

*E. P. Johnson and Thomas J. Street,* for defendants in error.

By the Court, FISHER, C. J.   We are of opinion that the court below erred in overruling the plaintiff's demurrer to defendants' answer, for the following reasons: This action was brought by plaintiff against defendants H. A. Pierce and L. Murrin & Co., who were the makers of a joint and several note, and while Pierce may have been the principal and Murrin & Co. sureties, this fact, if it be a fact, might be shown in a suit brought by Pierce against L. Murrin & Co. for contribution, had Pierce paid the note at maturity, or at any other time; yet we are very clearly of the opinion that it would not be plead in an action brought by the payee against the makers of the note. We are sustained fully in this opinion by referring to Byles on Bills, 68, where the author uses this language:

"Where a note is on its face joint, or joint and several, it is conceived that evidence to show that one maker is surety for the other is inadmissible at law, if the question arise between the creditor and the surety; but evidence to that effect has been received where the question arises between the principal debtor and the sureties. The same doctrine is maintained in *Robinson* v. *Lyle*, 10 Barb. 512; the syllabus of that case is as follows: As between the maker of a promissory note and the holder, all are alike liable, all are principals; but as between themselves, their rights depend upon other questions which are the proper subjects of parol evidence." This doctrine prevails to such an extent that we are led to wonder that it should be questioned in any case. If then the signers of the notes in question are all to be regarded as makers, the next questions that arise are, can a counter-claim be set up? and, if so, by whom can it be interposed, and what must be its character? If all the signers to the note are to be considered as the makers of the note, then a counter-claim or set-off must be such a claim as that the defendants in the action could maintain an action against the plaintiff; because the rule of law is, that the counter-claim must be something which is due to the defendant, and which the plaintiff is liable to be sued upon by defendant; and, moreover, it must be a claim arising out of or partaking of the nature of the plaintiff's cause of action. Now, if in this case the plaintiff's cause of action arises upon the note of defendants, it being a joint and several note, and if the law will not permit parol evidence to be given to contradict or vary the face of the note, then the counter-claim or set-off must be the same debt due by the plaintiff to the defendant, and not to one of the defendants only.

This term counter-claim, according to Nash, is a sort of a novel term interpolated into our civil jurisprudence; it is not to be found either in our law or general dictionaries; it is a kind of mongrel or compound word; the term "counter" is defined to be contrary to, contrary way, opposition

to, etc.; the word claim is defined to be the demand of anything that is in possession of another, to demand, to require, etc., but in its legal use it has been understood in a somewhat enlarged sense, and that is the right to demand of another; thus we say we have a claim against another when in fact we only mean that we have a right to make such claim or demand. If, then, the defendant set up a counter-claim it must be such an one as they would have had a right to sue upon.

Now, in this case had the defendants, that is, we mean the names of the persons in the record as defendants, such a claim as they could have maintained an action against the plaintiff in this suit. Clearly they had not. If they had not then, how could they set up the claim of one of the defendants against that of the plaintiff in this action? If all the defendants had been interested in the account set out in the schedule introduced by one of the defendants, they might have plead it by way of set-off; but for the court to allow one of the defendants to introduce a book account of his own as a counter-claim to defeat an action upon a joint and several promissory note given by all the defendants is an anomaly in jurisprudence.

2. The second point to be considered is the form of the verdict, and if there was nothing in what has already been said, there is enough in this not only to justify us in setting aside the entire proceedings in this case, but to excite our wonder how any court should have hesitated to grant a new trial. Revelation tells us of a time when "the earth was without form and void, and darkness was upon the face of the deep." This verdict is in about the same condition. It is in fact nothing. It is neither for plaintiff nor defendant.

The Great Western Insurance Company, plaintiff, bring a suit against H. A. Pierce and L. Murrin & Co., defendants, and the jury find for H. A. Pierce the sum of eleven hundred and fifty-eight dollars and five cents. How do we know whether it is for the same H. A. Pierce, as one of the defendants, or not? It does not even say that it is for H. A.

Pierce, defendant; and if it did, it would not be in favor of the defendants in this action.

A verdict in a case of this character should be in such form that if the question were asked by the clerk, for whom they had found, the jury should be able to answer either for plaintiff or defendant; but this one does not inform us whether the verdict is for a party to the record or not. It is true that the name of H. A. Pierce is in the record, but is not there as defendant in this action. It is presumed that the jury referred to the same Pierce who is one of the defendants, but there is no certainty about it. Now, without elaborating this case any further in the consideration of either of the points, it is sufficient to say one would be fatal to the verdict.

The whole proceedings are therefore set aside.