T. S. ROGERS v. TAPP, LEATHERS & CO.

(No. 1156, Op. Book No. 3, p. 227.)

APPEAL from Hopkins County.   Opinion by QUINAN, J.

§ 1308. *Alteration of written obligation; effect of.* Appellant signed a promissory note as surety for one Blythe, writing the word "security" after his signature. After the execution and delivery of the note, and without the knowledge or consent of appellee, the word "security" was erased from the note. Appellees sued Blythe and appellant as joint principals upon the note. Appellant pleaded the fraudulent alteration of the note in the particular mentioned in a sworn plea, which was supported by evidence on the trial. The court rendered judgment against Blythe as principal and appellant as surety for the amount of the note. *Held*, the erasure of the word "security," which Rogers had written with his signature to the note, was a material alteration of the instrument, and avoided the note. Adding "security" to his name limited his liability to that of a surety. He was not primarily liable. He saved to himself all the rights and privileges which, under the law, a surety is entitled to. "Where one of the makers of a note adds to his signature the word 'surety,' the holder is bound to treat him as such, and cannot vary the terms of the con-

tract by extending the time of payment or otherwise, so as to increase the risk of the surety, without discharging him." [Reynolds v. Ward, 5 Wend. 501; Edwards on Bills, 573.] The addition of the word here was not a mere memorandum; it was indicative of the character Rogers assumed; and the proof shows that it was placed there upon the express understanding that he was bound only as surety. He refused to sign the note otherwise. [1 Parsons on Bills, 233; Crawford v. Jones, 27 Tex. 382; Hunt v. Adams, 5 Mass. 358; Robison v. Lyle, 10 Barb. 512.] Unquestionably, the erasure of the word "security" in this obligation was a material alteration, which avoided it.

December 7, 1881. Reversed and rendered for Rogers.