JACOB PETERSON KLEPPER

v.

CHARLES J. BORCHSENIUS.

1. BILL OF EXCEPTIONS.—A party presenting his bill of exceptions to the judge within the rule is not prejudiced by the action of the judge in neglecting to sign it until the rule expires. As to the propriety of the court extending the rule from time to time, the court is of opinion that a party consenting that the bill may be filed within the time limited by such extension of the rule can not for the first time urge in this court that such ex ensions were improperly granted, but must be treated as having waived any improper action of the court in that regard.

2. SURETYSHIP—CONTRIBUTION.—The right of a surety to sustain his action for contribution against a co-surety does not depend upon the terms or character of the instrument by which they become bound, but upon the relation they actually sustain to each other.

3. LIMITATION OF SURETY'S LIABILITY.—Where after appellee had signed a note as surety, appellant refusing to be bound as a co-surety, limited his liability by a parol agreement between himself, the payee and the principal debtor to one hundred dollars and signed the note, writing the figures 100 after his name as expressing the limit of his liability, and there was no proof tending to show that there was any agreement between the parties that appellant was to sign as a co-surety of appellee. *Held*, that in a suit for c n-tribution, the note not conclusively determining the relation between the makers, the nature of the transaction can be shown by parol evidence, of which the act of appellant in having the figures inserted is to be considered as having a bearing upon it; that appellant should be allowed to prove that at and before the time the payee received the note and parted with his money, he was informed of such limitation of liability assumed by appellant and accepted the note with that understanding.

4. THE SAME.—Although the payee could have taken advantage of the terms of the written contract alone, he was not obliged to do so but could if he saw proper, only demand the one hundred dollars from appellant and

collect the balance of the note from appellee. The appellee can not avail himself of the technical advantage of the payee when he did not see proper to exercise it for himself.

APPEAL from the Circuit Court of La Salle county; the Hon. GEORGE W. STIPP, Judge, presiding. Opinion filed July 27, 1883.

This suit was brought by appellee to recover from the appellant the balance due for goods sold, and also for contribution from the appellant upon the ground that he was a co-surety with him upon a promissory note and had paid more than his proportionate share. The note upon which the appellee alleges he and the appellant were co-sureties is as follows:

TOWN OF MISSION, LA SALLE COUNTY, ILLINOIS.

$500.                    .                    February 10, 1875.

Two years after date for value received, we, or either of us, promise to pay Ole Hanson Histal, or bearer, five hundred dollars, with interest at ten per cent. per annum.

PETER G. PETERSON,
GOODMUND PETERSON,
CHARLES J. BORCHSENIUS.

Jacob + Peterson, Sen., 100.
his
mark

Indorsements of interest for 1876-7: "Jacob Peterson has this day (the 3d day of October) paid one hundred dollars and ten dollars in interest which he signed for in the year of 1878."

It appeared in evidence on the trial below that Peter G. Peterson was the principal in the note and obtained the money for which the note was given, and that Goodmund Peterson paid one third of the note and the appellant paid the amount of one hundred dollars and the interest, and that the appellee paid $85.20 more than one third of the note.

It also appeared in evidence that the appellant at the time he signed the note at the request of the principal refused to sign it and be bound to pay more than $100, and not being able to write his name, the principal in the note wrote the

name "Jacob Peterson, Sen." and upon the appellant insisting upon the limitation of his liabilities to $100, the principal in the note wrote the figures 100 after his name as appears upon the face of the note. This evidence being before the jury, the appellant offered to show by the payee of the note that the principal of the note told him that the appellant would only sign for $100, and showed him, the witness, the figures 100 after appellant's name as expressing the amount for which he would sign; that the witness, the payee of the note, then stated to the principal that it would make no difference, as the others were good enough for the face of the note, and thereupon accepted the note and paid the money to said Peter. Upon objection, the court excluded the offered proof and appellant saved his exception, and this action of the court is assigned for error in this court. The court below held that the note made out a *prima facie* case in favor of the appellee for so much as he had paid for the appellant, and to overcome such case the appellant must show some agreement between himself and the appellee whereby the defendant was relieved from paying his full share on the note. The appellee recovered, and the defendant below appealed.

Mr. J. H. Fowler and Mr. Chase Fowler, for appellant; that a surety has a right to prescribe the terms and conditions on which he will assume a responsibility, cited Ryan v. Trustees, 14 Ill. 20; Finney v. Condon, 86 Ill. 81; Keith v. Goodwin, 31 Vt. 268; Oldham v. Brown, 28 Ohio, 41; Adams v. Flanagan, 36 Vt. 407; Brandt on Suretyship and Guaranty, p. 315, § 224.

The contract of suretyship is a collateral one, independent of, and consistent with, the written one: Brandt on Suretyship and Guaranty, § 226; Flynn v. Mudd, 27 Ill. 323; Kennedy v. Evans, 31 Ill. 258; Ward v. Stout, 32 Ill. 400; Robertson v. Deatherage, 82 Ill. 511; Smith v. Peoria County, 59 Ill. 412; Glover v. Milkin, 85 Ill. 218; Comstock v. Gage, 91 Ill. 328.

A surety who extinguishes a debt for less than the full amount can only recover from the principal the value of what

he paid: Coggeshall v. Ruggles, 62 Ill. 401; Brandt on Suretyship and Guaranty, § 182.

As to bill of exceptions: Myers v. Phillips, 68 Ill. 269; Weldon v. House, 40 Ill. 92; Wallahan v. The People, 40 Ill. 103; Village of Hyde Park v. Dunham, 85 Ill. 571.

Mr. SAMUEL RICHOLSON, for appellee; cited Bowden v. Bowden, 75 Ill. 111; Nomaque v. The People, Breese, 150; Suver v. O'Riley, 80 Ill. 241; Myers v. The People, 26 Ill. 173; Griffith v. Furry, 30 Ill. 254.

A judge has no power to sign and seal a bill of exceptions after the term at which the cause was tried or after the time fixed by the order of the court therefor has expired: O'Hara v. The People, 40 Ill. 534; Evans v. Fisher, 5 Gilm. 456; Burst v. Wayne, 13 Ill. 665; Underwood v. Hossack, 40 Ill. 98; Magill v. Brown, 98 Ill. 238.

PILLSBURY, J. Before expressing our views upon the merits of the case we will dispose of the motion made by appellee to strike the bill of exceptions from the record which was taken with the cause. It appears from the record originally filed in this court that the bill of exceptions was presented to and signed by the judge after the expiration of the rule entered of record, but by the additional record taken in connection with the former it appears that the rule to file the bill was first extended for ninety days by agreement of the parties and a further extension granted by the court in term time and before the former rule expired, which last rule was complied with by presenting the bill to the judge before its expiration. The judge took the bill for examination and held it for some time, when he signed it, and the record shows that the appellee consented that the same might be filed *nunc pro tunc* and within the time limited by the last extension of the rule. A party presenting his bill to the judge within the rule is not to be prejudiced by the action of the judge in neglecting to sign it until the rule expires, and as to the propriety of the court extending the rule from time to time, we are of the opinion that a party consenting that the bill may

be filed within the time limited by such extension of the rule can not for the first time urge in this court that such extensions were improperly granted, but must be treated as having waived any improper action of the court in that regard. The motion should be overruled. As counsel urge no error upon that branch of the case involved in the claim for the goods we shall not notice it.

The most serious questions in the case arise upon the action of the court in excluding the offered evidence and in its charge to the jury. It is quite evident that the court below considered that no contract made by the appellee with the principal of the note or with him and the payee thereof would exonerate him from the liability to contribution in favor of the appellant as a co-surety, but to have that effect such agreement must be made with the appellee.

It may be freely admitted that the note was the only proper evidence of the contract between the parties to it, the makers and the payee, and this upon the familiar principle that a written agreement can not be varied by parol evidence. But is the note alike conclusive as an instrument of evidence, between the makers in determining the relation they respectively sustain as to each other? The right to contribution among co-sureties does not necessarily depend upon any contract between them but is founded in doctrines of equity, and formerly was enforced in courts of equity only, the rule applied being that "equality is equity" among persons standing in the same situation.

Subsequently courts of law took jurisdiction of actions for contribution on the ground that as equity and good conscience required that as among co-sureties there should be equality of burden, an *implied assumpsit* arose in favor of the one paying more than his proportionate share of the common debt, and which would support an action at law. De-Colyar on Guars. and Sureties, 334–36.

The right of the plaintiff to sustain his action for contribution against a co-surety does not depend upon the terms or character of the instrument by which they become bound, but upon the relation they actually sustain to each

other. The fact being made to appear that they both signed as sureties of the principal debtor, then *prima facie*, the duty to contribute is established. But such fact is not conclusive upon the defendant, and he may show the nature of the transaction and thereby establish the relation that really existed between the makers of the note. Upon the face of the note the makers may all appear to be principals, but it may be shown who were principals and who sureties, when the question is between them alone.

The note is the contract between them and the payee, and it may well be; as to the parties thereto, it is the only evidence of the contract; but it does not purport to be, nor to disclose the contract, if any there be, or the relation subsisting among the makers, as the party of the one part to it.

The note does not of itself establish a right of recovery in actions like the present. The plaintiff must, in addition, show that the defendant occupied such a position as one of the signers of the note, that equity and good conscience demands that he should assume a proportionate share of the obligation that has been discharged by the plaintiff. Harris v. Warner, 13 Wend. 400. The principal debtor testified in this case, that he told the appellee when the note was presented to him, that the appellant would only sign for one hundred dollars; but this is denied by the appellee, and we shall consider the case as presented by the statement of appellee, it being more favorable for him in that view.

Thus considered, the record is barren of any proofs tending to show that there was any agreement or understanding between the parties that the appellant was to sign the note as a co-surety of the appellee. Neither was the appellee misled by anything appearing upon the face of the note when his signature was obtained, as appellant had not then signed it; and so far as appears, nothing whatever was done by the appellant to induce the belief in the mind of appellee that the appellant was to sign the note in any capacity. Of course, these circumstances can have no effect, if the appellant did actually sign as co-surety with the appellees, for it is the fact of co-suretyship that gives the right of contribution, knowl-

edge of who are such sureties being immaterial in the case. They do, however, have an important bearing in view of the claim of the appellant that he refused to be bound as a co-surety, but limited his liability by a parol agreement between himself, the payee and the principal debtor to one hundred dollars, for if by any fraud upon his part he induced the appellee to sign the note in the belief. that he also would execute as a co-surety, he should not now be heard to say that he had limited his liability. At the time, then, the appellee signed the note and delivered it to the principal debtor, it was a complete negotiable instrument, and he could not complain if the payee had then accepted it without further security, and in this condition it was presented to the appellee with a request that he would also sign it.

The appellee had a perfect right to refuse to sign the note at all, or if he did so, he could limit his liability in any manner he saw fit. Being under no obligations to any of the prior makers of the note, he could have signed it as security for all the makers, as in Harris v. Warner, 13 Wend. 400, or as a surety for the other sureties, as in Adams v. Flanagan, 36 Vt. 400, and in Oldham v. Broom, 28 Ohio St. 41, or he could have made himself a guarantor for the whole or any portion of said notes; and had he done so by apt words upon the note, it is probable no question would be made as to the liability assumed.

This he attempted to do by having the figures 100 written after his name as expressing the limit of his liability. Whether in a suit by the payee against the makers of the note he could explain the meaning of those figures is not material now to consider, but as we have said, in a suit for contribution the note not conclusively determining the relation existing between the makers, the nature of the transaction can be shown by parol evidence, of which the act of the appellant in having the figures inserted is to be considered as having a bearing upon it.

Regarding the introduction of extrinsic evidence in such cases the principle is so clearly stated in the note to the case of Dering v. Earl of Winchelsea, 1 Smith L. Cas. in Eq., page 169, that we quote therefrom:

Klepper v. Borchsenius.

"The relation of principal and surety and that which exists between co-sureties, lies in a great measure without the contract with the creditor, although founded upon and growing out of it, and may consequently be proved or negatived by extrinsic and unwritten evidence, even when the contract itself is in writing. The main and obvious purpose of reducing an agreement to writing is to perpetuate and define the obligations which it sets forth, or calls into being, between the parties who contract with and bind themselves to each other in and by the agreement, and not to express the collateral relations which exist, or the duties which may arise between parties of the same part."

In Adams v. Flannagan, *supra*, the note had been signed by Adams and one Boynton as sureties, and was then presented to the Flannagans with a request to become sureties by Mills, the principal in the note, the attorney of the payee being present, and the Flannagans then told them that they would not sign as co-sureties of Adams and Boynton, but would sign as their sureties; and thereupon the firm name of the Flannagans was signed and the word "surety" written after it. Adams in signing the note had also written the same word after his signature. It was held that under such circumstances the Flannagans were not bound as co-sureties with Adams, and that parol evidence was admissible to show their real undertaking. In Oldham v. Broom, *supra*, the surety, Oldham, was allowed to prove by parol that his agreement with the principal debtor was that he would only sign as a surety for the principal and Broom, the other surety, and this was held a defense, although neither the creditor nor Broom had notice of such limitation.

These cases appear to be so fully in point and the authorities being so generally referred to therein, we deem it unnecessary for us to cite others bearing upon the same question.

The appellant having stipulated with the principal debtor for a limitation of liability, and that appearing in proof, it would seem that he should be allowed to prove that at and before the time the payee received the note and parted with his money, he was informed of such limitation of liability as-

sumed by appellant and accepted the note with that under-standing. Although he might have taken the advantage of the terms of the written contract alone, he was not obliged to do so, but could, if he saw proper, only demand the one hundred dollars from appellant and collect the balance of the note from the appellee. The appellee can not, we think, avail himself of the technical advantage of the payee when he did not see proper to exercise it for himself.

We are of the opinion that the court below erred in excluding the offered evidence and in instructing the jury as shown above, for which we must reverse the judgment and remand the cause.

Reversed and remanded.