JOHN H. MANSFIELD *vs.* ELIJAH EDWARDS.

Hampden.    Sept. 25. — Oct. 18, 1883.    FIELD & W. ALLEN, JJ., absent.

A count for money paid should contain an averment that the money was paid at the defendant's request.

A surety may recover contribution from his co-surety in an action for money paid.

In an action for contribution to the amount paid by the plaintiff upon a promissory note signed by A. as principal, and by the plaintiff and the defendant as sureties, the declaration alleging that they were joint makers with A., oral evidence is admissible to show that the signers of the note were joint makers, by agreement among themselves.

C. ALLEN, J.    The declaration contained three counts. There was no evidence to sustain the second count, for $3500 according to the account annexed, and it may be disregarded. The first count was for $3500 "money paid by the plaintiff for the defendant's use," with no bill of particulars annexed. This count was defective in form, in not averring that the money was paid at the defendant's request. 1 Chit. Pl. (16th Am. ed.) 361, 362, 745. 2 Chit. Con. (11th Am. ed.) 879. No objection, however, was taken, by demurrer or otherwise, to the form of the count, and the proof required to sustain it would be the same as if it had been sufficient in form. An action for money paid is a proper mode of recovering contribution by one of several joint contractors or co-sureties. *Kemp* v. *Finden*, 12 M. & W. 421. And to sustain such action, it is essential that the plaintiff should prove that he paid the money for the defendant, and that such payment was made at the defendant's request, express or implied. 1 Chit. Pl. 361. 2 Chit. Con. 879, 881. *Winsor* v. *Savage*, 9 Met. 346. In other words, a merely

voluntary payment, though for the defendant's use, will not support the action.

The third count set forth specially that one Alden and the plaintiff and the defendant were joint makers of a promissory note, a copy of which the plaintiff was unable to give, but which was described; and that the plaintiff, the defendant, and said Alden were each bound to pay an equal proportion of the principal and interest thereof; that the plaintiff paid $3680 thereof, and the defendant about $1100.85 thereof; that Alden became insolvent; and the plaintiff claimed a contribution from the defendant, as a joint maker with the plaintiff of the promissory note. And there was an averment that the three counts were for one and the same cause of action.

The original answer, upon which at the outset the case proceeded to trial, denied each and every allegation of the declaration, and denied that the plaintiff paid the note mentioned in the declaration; meaning, no doubt, in the third count of the declaration.

It would seem, though it is not stated in direct terms, that the note itself was introduced in evidence by the plaintiff, and there was no dispute as to its execution; and both in the body of the note, and in the signatures, Alden was expressly mentioned and designated as principal, and the plaintiff and the defendant as sureties, the name of the plaintiff standing before that of the defendant. Upon the face of the note, there was nothing from which it could be inferred that the relation of the parties to each other was anything else than that the plaintiff and the defendant were joint sureties for Alden. Assuming therefore that the payments by the plaintiff and the defendant respectively were made as alleged, nevertheless the production of the note did not support the averments of the third count that the three parties who signed it were joint makers, and each bound to pay an equal proportion of the principal and interest; and if the proof had rested there, and if objection had been taken, the judge would have been obliged to rule that there was a variance. The plaintiff, however, did not intend to rest his case so, and offered to prove that the signers of the note, by agreement among themselves, were joint makers; but, upon the defendant's objection, the court ruled that parol evidence was

not admissible to change the relations of the parties to each other as expressed in the note. The question therefore arises whether this ruling was correct.

Ordinarily the rights and duties of innocent holders of negotiable paper, towards the signers, are what appear from the face of the instrument. Indorsers must have notice. Sureties have a right that no extension shall be given to the principal. In an action by the holder, upon the paper itself, it is a general rule, though perhaps subject to exception not necessary to be dwelt upon here, that the holder's rights depend exclusively upon the form of the instrument, and the capacity in which the several parties to it respectively assume to stand. But in an action for indemnity or contribution, as between the parties themselves who have become bound for the payment of the instrument, whether it be a note, a bill, or a bond, a different rule prevails. In such case, the action is upon a different and collateral agreement, and proof of an oral collateral agreement that, as between themselves, the parties shall stand in a different relation from that which would be inferred from the form of the instrument which is signed, or even from that which is expressed in explicit terms upon the face of such instrument, does not have the effect to contradict or vary its terms. The written instrument is designed to express the undertaking and obligation of the signers to the holder of it, and is not designed to show their agreement or understanding among themselves. For example, if A. applies to B. to borrow money, and B. has no money on hand, but is willing to lend his credit, he may give his note directly to A. as payee, or to a third person for A.'s benefit, or may accept a bill of exchange drawn upon him by A. In either of these cases, *prima facie*, B. is the principal, but in each, if he pays the note or bill, he may maintain an action for indemnity against A., and show by parol evidence that he signed merely for A.'s accommodation.

Accordingly it has been held in a number of cases, that, in an action for indemnity or contribution for money paid, parol evidence is admissible to show the true relations of the parties, no matter in what form their obligation may have been expressed in the instrument which they signed. Thus it has been held or declared that such evidence is competent in such

an action by a first indorser against subsequent indorsers; *Weston* v. *Chamberlin*, 7 Cush. 404; *Phillips* v. *Preston*, 5 How. 278; by an indorser against principal and sureties; *Sweet* v. *McAllister*, 4 Allen, 353; by one joint promisor against other joint promisors; *Clapp* v. *Rice*, 13 Gray, 403; *Carpenter* v. *King*, 9 Met. 511; by one who was apparently a principal against a surety; *M'Gee* v. *Prouty*, 9 Met. 547; by the drawer of a bill against the indorser; *Batson* v. *King*, 4 H. & N. 739; by the acceptor against the drawer; *Hawley* v. *Beverley*, 6 M. & G. 221; or against the indorser; *Griffith* v. *Reed*, 21 Wend. 502; by the maker of a note against the payee; 21 Wend. 505; by a surety against an accommodation indorser; *Harshman* v. *Armstrong*, 43 Ind. 126; by the principal on a note against the surety; *Robison* v. *Lyle*, 10 Barb. 512; by one surety against another, for full indemnity by the latter as principal; *Apgar* v. *Hiler*, 4 Zabr. 812.

The competency of parol evidence for this purpose is also declared in *Crosby* v. *Wyatt*, 23 Maine, 156. See also Byles on Bills, 8, 9. It was indeed said, by Mr. Justice Denio, in *Barry* v. *Ransom*, 2 Kern. 462, 465: "The relations of joint or several obligors or promisors *inter sese* are, it is true, sometimes defined by their signatures to, or otherwise indicated in, the principal contract; and in such cases the writing is the evidence of their agreement. *Harris* v. *Warner*, 13 Wend. 400. But, in the absence of such indication, the form of the contract, as between the obligors or promisors and the other contracting party, does not prevent the introduction of parol proof to determine the relations of such obligors or promisors as between themselves." The case itself did not call for any such implied limitation of the competency of parol evidence, and the case of *Harris* v. *Warner*, which is referred to, simply held that the writing was *prima facie* evidence of the relations of the parties, with a clear implication that parol evidence to vary this would have been competent.

We are brought, therefore, to the conclusion, that the evidence which was excluded was competent.

The defendant, however, contends that the plaintiff was not injured by the exclusion of this evidence, for the reason that on the face of the note it would appear that he and the defendant

were joint sureties for Alden, and that the plaintiff's rights, as against Alden and also as against the defendant, were greater, as the case stood, upon the mere production of the note, with the *prima facie* presumptions arising therefrom, than with full proof according to his offer of evidence. But this ground of argument overlooks considerations which are material to be considered. In the first place, the plaintiff ought to be allowed to allege and prove his case according to the actual facts. Moreover, the plaintiff's case, in respect to the third count, was open to the objection of a variance, which objection the plaintiff might well wish to avoid. This objection was waived by not being taken. Besides, the burden of proof rested upon the plaintiff to prove a payment made at the express or implied request of the defendant. The production of the note would be evidence tending to prove an implied request, it being in the nature of an admission by the defendant that the relations of the parties were what they appeared to be; but there is no reason why the plaintiff should be limited to one kind of evidence to prove this material fact.

The importance of this consideration is brought out more clearly by adverting to the fact, that the defendant, after opening his defence, obtained leave to file an additional answer, setting forth that he was induced to sign said note at the request of the plaintiff, and upon his representation that he, the defendant, should not be called on to pay the same, or suffer thereby, and upon the plaintiff's agreement to indemnify him against loss. It was upon this precise issue that the defendant prevailed before the jury. It is virtually conceded that the evidence which the plaintiff offered to introduce, and which was excluded, would have had a material bearing upon the issue presented by the amended answer. But this amended answer in reality presented no new issue. Under the original answer, it was incumbent on the plaintiff to prove in chief a payment, at the defendant's express or implied request. 1 Chit. Pl. 496. The detailed facts set up in the new answer only added circumstances to the general denial of the original answer. But even if it is to be assumed that the new answer presented a new issue, it still remains true that the plaintiff's evidence, which was excluded, and which we think was competent, would have had a

material bearing upon the question upon which the case finally turned; and although, if the original exclusion had been correct, it might well be that it would not fall within the proper duty of the judge to remind the plaintiff that evidence which had been offered, and which was before incompetent, had now become competent, and although the plaintiff himself did not renew his offer, we think he is entitled to the benefit of his exception to the exclusion of evidence, which was competent when offered, and might be highly material, as the case finally turned.   Of course, upon a mere offer of proof, we express and can form no opinion as to the strength of the testimony which the plaintiff might have been able to introduce.        *Exceptions sustained.*

*H. W. Ely & C. F. Ely*, for the plaintiff.

*G. M. Stearns*, for the defendant.