ARTHUR B. PRIEST vs. HARRY H. HALE.

Essex.  November 4, 1891. — November 30, 1891.

Present: ALLEN, KNOWLTON, MORTON, & BARKER, JJ.

*Money paid — Evidence of Request.*

In an action for money paid at the defendant's request, the plaintiff, after evidence tending to prove that he paid for a certificate of one share of stock in a base-ball company, which was issued in the defendant's name, and that the defendant requested or ratified this act, offered evidence that the defendant availed himself of the privileges of a stockholder at various times by occupying a seat as such among those reserved exclusively for stockholders, for invited guests from out of town, and for representatives of the press. The defendant denied that he attended the games, or ever became a stockholder, or that the plaintiff advanced money for him. *Held*, that the evidence offered was competent.

CONTRACT, for money paid by the plaintiff for the defendant's use at the defendant's request. Trial in the Superior Court, before *Braley*, J., who allowed a bill of exceptions, which, so far as material to the point decided, was as follows.

The plaintiff introduced evidence that, in the spring or early summer of 1886, a corporation was organized at Haverhill to provide grounds where the game of base-ball could be played and accommodations afforded the spectators; that in June or July of that year the plaintiff, who was the president of the corporation and its principal promoter, asked the defendant to subscribe for a share of stock therein, and the defendant assented and directed the plaintiff to have a certificate therefor issued to him and delivered to his attorney; that neither the defendant nor his attorney paid for the share, and in the autumn of 1886, the corporation being in need of funds, the plaintiff paid to the treasurer the sum of one hundred dollars for such share on the defendant's behalf, which amount the defendant subsequently promised to repay to the plaintiff. The plaintiff then offered evidence, which was admitted against the defendant's objection, tending to show that after the issuing of the certificate the defendant at various times in 1886, when games were in progress at the grounds, occupied a seat as stockholder among those which

were reserved exclusively for stockholders in the corporation, and for invited guests from out of town, and for representatives of the press. The defendant denied that he attended the games, or ever became a stockholder, or that the plaintiff advanced any money for him.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*F. H. Pearl,* for the defendant.

*H. J. Cole,* for the plaintiff.

ALLEN, J. It was necessary for the plaintiff to prove that he paid the money at the defendant's request, express or implied. *Mansfield* v. *Edwards,* 136 Mass. 15. Circumstantial evidence was competent for this purpose. He introduced evidence tending to prove that he paid for a certificate of one share of stock in a base-ball company, which was issued in the name of the defendant; that the defendant requested or ratified this act; that the defendant availed himself of the privileges of a stockholder at various times by occupying a seat as a stockholder among those which were reserved exclusively for stockholders, for invited guests from out of town, and for representatives of the press.

In view of the defendant's denial that he attended the games, or ever became a stockholder, or that the plaintiff advanced any money for him, this evidence was competent. It certainly was not decisive, and was open to explanation; but if unexplained, it had some legitimate tendency to support the plaintiff's claim.

*Exceptions overruled.*